■ In the Matter of EILEEN GROSSMAN, Respondent, v DENNIS GROSSMAN, Appellant. [670 NYS2d 206] —In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Queens County (Friedman, J.), dated December 11, 1996, which denied the father's objections to an order of the same court (Clark, H.E.), dated February 28, 1996, which awarded the petitioner $366 per week for child support and $6,102 in arrears.

Ordered that the order is modified, on the facts, by deleting the provisions thereof which denied the father's objections to those portions of the Hearing Examiner's order which directed him to pay $366 per week for the child's support, including $106 per week for the child's medical expenses and $38 per week for the mother's credit card debt, and awarded the mother $6,102 in arrears, and substituting therefor provisions directing the father to pay $222 per week for child support and $2,934 in arrears; as so modified, the order is affirmed, without costs or disbursements, and the order dated February 28, 1996, is modified accordingly.

Contrary to the father's contention, the Family Court

properly held that he was "not forthright in the presentation of his finances [before the Hearing Examiner] and that the [Hearing Examiner] had insufficient information to enter an order under the CSSA guidelines". Under these circumstances, the Child Support Standards Act provides that when there is "insufficient evidence to determine gross income, the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Family Ct Act § 413 [1] [k]; *Orlando v Orlando*, 222 AD2d 906). The record indicates that this is an appropriate case in which to apply this provision (*see, Orlando v Orlando, supra*).

However, the record shows that the Hearing Examiner erred in including $106 per week for medical expenses and $38 per week in credit card debt, for a total of $144 per week, in calculating the father's child support obligation of $366 per week. These awards were duplicative in that the father was also required to pay 50% of all unreimbursed medical expenses, and the credit card debt was attributable to past living expenses which were included in the award of arrears. Consequently, the father's weekly child support award must be reduced from $366 to $222. Since the award of arrears was calculated based upon the $366 figure, the award of arrears has been adjusted to $2,934.

The father's remaining contentions are without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.