■ ROBIN MITNICK, Appellant, v JESSE ROSENTHAL, Respondent. [688 NYS2d 150] —Judgment, Supreme Court, New York County (Joan Lobis, J., upon decision of Irene Duffy, J.), entered July 1, 1998, which determined various financial issues between the parties in an action for divorce, unanimously modified, on the law and the facts, to refer plaintiff's application for expenses to a Special Referee to hear and report, and otherwise affirmed, without costs.

We agree with the trial court that application of the statutory formula contained in Domestic Relations Law § 240 (1-b) to any amount over $150,000 would be "unjust or inappropriate" because both parties earn significantly more than $80,000 a year and a strict application of the formula is

unnecessary to insure that their children enjoy the same life-style as before the separation (*cf., Matter of Cassano v Cassano*, 85 NY2d 649). We also agree with the award of unspecified or "open-ended" child support for medical expenses and such "extras" as camp, tutoring, school tuition, recreation and transportation, to be fixed on the basis of annual accountings by plaintiff, and not to exceed $6,000 a month (*see, Lolli-Ghetti v Lolli-Ghetti*, 165 AD2d 426, 434, *lv denied* 78 NY2d 864), as well as with the exclusion of housekeeping from child care expenses. Plaintiff's claim that defendant should have been precluded from calling an expert he hired on the eve of trial and from introducing his report into evidence is unpreserved for appellate review, and we decline to review it. After considering the factors set forth in Domestic Relations Law § 236 (B) (5) (d), the court properly awarded plaintiff 25% of the appreciation of the value of defendant's practice (*see, Hartog v Hartog*, 85 NY2d 36), and properly included plaintiff's fellowships in the coverture fraction upon evidence showing that they enhanced her earning capacity. However, in directing a reference on the reasonable value of plaintiff's attorneys' fees, the court should have included plaintiff's claim for expenses, and we modify accordingly. We have considered plaintiff's other arguments, including that the trial court was biased against her, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Buckley, JJ.