■ In the Matter of Jasmine M. and Others, Children Alleged to be Neglected. Minerva P., Appellant; Administration for Children's Services, Respondent, et al., Respondent. [753 NYS2d 370] —Orders of disposition, Supreme Court, Bronx County (Harold Lynch, J.), entered on or about September 2 and October 13, 1998, placing two of the subject children with their father under petitioner's supervision and placing the third subject child with petitioner for up to one year, upon findings of neglect, unanimously affirmed, without costs.

The findings of neglect turn almost entirely on issues of credibility that were properly resolved by Family Court after taking into account inconsistencies in the children's statements and other evidence favorable to appellant's position (*see Matter of Carine T.*, 183 AD2d 902, *lv denied* 80 NY2d 757). Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.

■ Renee Baruch, Respondent, v Michael Blum, Appellant. [753 NYS2d 371] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about May 16, 2001, which, upon consideration of objections to the orders of the Hearing Examiner dated May 17, 2000 and February 13, 2001, made additional findings of fact based upon evidence previously admitted before the Hearing Examiner, calculated respondent's support obligations under statutory guidelines utilizing respondent's gross income, ordered respondent to pay to petitioner monthly support in the amount of $2,662.50, and set arrears at $45,262.50 minus any payments made by respondent under certain prior support orders, unanimously affirmed, without costs.

In this child support proceeding, the court had sufficient evidence to determine the needs of the child and made the proper statutory calculation of combined parental income utilizing the parties' gross income as "reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]).

The court properly exercised its discretion with respect to imputation of income (*see* Family Court Act § 413 [1] [b] [5] [iv]; *Matter of Klein v Klein*, 251 AD2d 733, 735) when it declined to impute income to petitioner based on unspecified aid allegedly received by her prior to the institution of temporary child support payments by respondent.

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.