■ JAMISE MERCHANT, Respondent, v BRYAN HICKS, Appellant. [790 NYS2d 23]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about January 7, 2004, which, inter alia, directed respondent father to pay $70 per week child support for the parties' daughter, who resides with petitioner mother, to increase to $125 per week on June 5, 2004, when the parties' son, who resides with the father, reaches the age of 21, unanimously affirmed, without costs.

The father, who claims to earn very little income as a self-employed peddler, failed to provide financial details of the three-family home he owns and the $200,000 that remains of his settlement of a personal injury action sufficient to permit a determination of his income. Nor was there a showing of any allocation in the settlement between lost income and pain and suffering. Accordingly, Family Court correctly determined child support based on the children's needs pursuant to Family Court Act § 413 (1) (k), rather than parental income pursuant to Family Court Act § 413 (1) (c) (*see Grossman v Grossman*, 248 AD2d 536 [1998]; *cf. Matter of Christian v Christian*, 5 AD3d 765 [2004]). Nor can the father complain about the fairness of Family Court's allocating slightly more than half of the mother's $1,963 per month in household expenses to the support of the daughter, when it also allocated half of the father's $945 per month in household expenses to the support of the son even though the father lives with a new family. The award was properly computed by taking the total of both children's needs, making each party responsible for half thereof, and directing the father to pay the mother the difference between her half of the total and the amount of her household expenses allocated to the daughter's support. Respondent's other arguments are unavailing. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Catterson, JJ.