■ In the Matter of YOSHITA LAZELLE CHILDRESS, Respondent, v AUGUSTIN WINSTON SAMUEL, Appellant. [811 NYS2d 372]—

Order, Family Court, New York County (Mary E. Bednar, J.),

entered on or about July 8, 2004, which denied respondent Samuel's objections and confirmed an order of the Support Magistrate, entered on or about August 20, 2002, requiring him to pay $489.51 per month in child support, unanimously affirmed, without costs.

The Magistrate's finding that respondent presented insufficient evidence to determine his gross income is supported by the record. Although respondent presented a 2000 tax return showing self-employment income of $12,395 and a 2001 Form 1099 showing earnings of $13,000, as of July 2002, when the hearing was held, respondent had neither filed a tax return for 2001, nor a request for an extension. In addition, his financial disclosure statement showed that his expenses exceeded his reported income; the vocational certificate respondent received in 1999 is at least some evidence that his earning capacity was greater than the amount he claims to have earned. In the circumstances, the Magistrate was not bound to determine respondent's income based solely on the figure reported on his 2000 income tax return (*see Matter of Barber v Cahill,* 240 AD2d 887, 888 [1997]; *Matter of Liebman v Liebman,* 229 AD2d 778, 779 [1996]). Although respondent's mother testified that she assisted him in meeting other child support obligations, the Magistrate's assessment that both respondent and his mother lacked credibility is entitled to deference (*see Matter of Klein v Klein,* 251 AD2d 733 [1998]). In any event, in these circumstances, child support is more appropriately based on the greater of the children's needs or standard of living (Family Ct Act § 413 [1] [k]), than on parental income (§ 413 [1] [c]) (*see Merchant v Hicks,* 15 AD3d 266 [2005]).

We have considered and rejected respondent's remaining arguments. Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.