■ In the Matter of DERRICK NEWTON, Respondent-Appellant, v ROBERT DENNISON, as Chairman of the New York State Board of Parole, Appellant-Respondent. [849 NYS2d 435]—Order, Supreme Court, New York County (Joan Madden, J.), entered April 16, 2007, which denied respondent Parole Board's motion to change venue, annulled respondent's determination that petitioner is not entitled to discharge from prison to parole supervision, and directed a new parole hearing before a different panel, unanimously affirmed insofar as it denied petitioner immediate release, and the appeal therefrom otherwise dismissed, without costs.

■ In the Matter of Y.W., Respondent, v T-T.J., Appellant. [851 NYS2d 403]—

Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about September 24, 2007, which denied respondent T-T.J.'s objections to an earlier order directing her, among other things, to pay child support in the amount of $3,288 per month, unanimously reversed, on the law and the facts, without costs, and the objections granted to the extent of remanding this proceeding for recalculation of the basic child support obligation in a manner consistent herewith.

Since each party claimed that the income as reflected on the other's tax return was not accurate, and the parties were unable to produce sufficient evidence to otherwise convince the support magistrate about their respective incomes, the magistrate properly decided to impute income to the parties by averaging what was reported on their most recent (2004 and 2005) individual tax returns (*see Baruch v Blum*, 301 AD2d 479 [2003]). The magistrate used income figures net-of-deductions to calculate petitioner father's average income, but relied on respondent mother's gross income to calculate her average income, without taking into consideration her business deductions. Furthermore, the figure supposedly representing the average of respondent's 2004 and 2005 gross income was actually the gross income from her 2001 income tax return, adjusted upward by 2% to reflect additional cash receipts. Although respondent was unable to substantiate her business deductions at trial, the magistrate specifically found that respondent was able to prove that numerous entries on petitioner's tax returns were unaccounted for, and that his income was also possibly more than reflected on the tax returns. Given these circumstances, the magistrate should have compared gross income to gross income, or net income to net income, and not gross income to net income, in calculating child support.

This is a high-income case. The magistrate applied a rate of 5% to the parties combined adjusted gross income over $80,000, without establishing the basis for applying such a rate, and without considering the appropriate level of support in light of the child's actual needs (*see Anonymous v Anonymous*, 286 AD2d 585 [2001], *lv denied* 97 NY2d 611 [2002]). Petitioner failed to offer any evidentiary support for his claim that his monthly expenses for the child were over $9,000 without add-

ons. It appears that without any supporting documentation, petitioner simply allocated 50% of his monthly expenses to the child, and the magistrate, despite making findings pointing to the lack of proof, erroneously accepted his figures (*see Matter of Talero v Talero*, 1 AD3d 522 [2003]). On remand, the court should consider the actual needs of the child, and rather than using an arbitrary percentage, should consider whether a cap on combined income over $80,000 subject to child support is warranted (*see Mitnick v Rosenthal*, 260 AD2d 238 [1999]), and apply the statutory percentage of 17% to that capped amount (*see Gina P. v Stephen S.*, 33 AD3d 412, 414 [2006]).

We have considered respondent's remaining contentions and find them without merit. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.