■ DEBRA SOEHNGEN, Respondent, v JOSEPH SOEHNGEN, Appellant. [874 NYS2d 142]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from findings of fact of the Supreme Court, Nassau County (Gartenstein, J.H.O.), dated June 19, 2007, and (2), as limited by his brief, from so much of an order of the same court

(Ross, J.), dated December 19, 2007, as granted the plaintiff's motion to find him in contempt of a pendente lite support order dated January 3, 2005, and imposed a period of incarceration of 90 days, and, after a nonjury trial on the issue of whether there were grounds for the award of a judgment of divorce, and upon the findings of fact, made after a separate nonjury trial on the issue of the amount of income to be imputed to him, imputed income to him in the sum of $340,000 per year, directed the entry of judgment in favor of the plaintiff and against him in the sum of $124,510, and directed an award to the plaintiff of an attorney's fee in the sum of $5,000.

Ordered that the appeal from the findings of fact dated June 19, 2007, is dismissed, without costs or disbursements, as no appeal lies therefrom (*see ELRAC, Inc. v Belessis,* 303 AD2d 445, 446 [2003]); and it is further,

Ordered that the order dated December 19, 2007, is affirmed insofar as appealed from, without costs or disbursements.

Initially, we note that although the defendant has completed his sentence, the appeal from so much of the order dated December 19, 2007, as found him in contempt of a pendente lite support order dated January 3, 2005, has not been rendered academic, in light of the enduring consequences which might flow from the finding that he violated the support order (*see Matter of Saintime v Saint Surin,* 40 AD3d 1103 [2007]; *Matter of Christine G.,* 36 AD3d 615, 616 [2007]; *Matter of Er-Mei Y.,* 29 AD3d 1013 [2006]).

The Supreme Court properly determined that the defendant was in contempt of the pendente lite support order dated January 3, 2005, as the record revealed clear and convincing evidence that the defendant willfully violated a clear and unequivocal mandate of the court, thereby prejudicing the plaintiff's right to temporary child support and maintenance (*see Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]; *Massimi v Massimi,* 56 AD3d 624 [2008]; *Rienzi v Rienzi,* 23 AD3d 447, 449 [2005]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.