■ In the Matter of SVITLANA VOLODYMYRIVNA TSAROVA, Respondent, v MIKHAILO VIKTOROVYCH TSAROV, Appellant. [875 NYS2d 84]—In a child support proceeding pursuant to Family Court Act articles 4 and 5B, the father appeals from an order of the Family Court, Richmond County (McElrath, J.), dated

October 2, 2007, which denied his objections to an order of support of the same court (Weir-Reeves, S.M.), dated July 30, 2007, in effect, finding paternity and directing him to pay child support in the amount of $1,650 per month, and $23,100 in child support arrears.

Ordered that the order is affirmed, with costs.

The Family Court correctly found that at a hearing before the Support Magistrate, the appellant withdrew his application contesting paternity of the subject child. There is no evidence in the record that the withdrawal of the application was in any way coerced by the Support Magistrate. Accordingly, the appellant's arguments on the issue are not properly before this Court (*see Matter of Michael F. v Cerise S.,* 224 AD2d 692, 692 [1996]).

The record supports the Support Magistrate's assessment of the appellant's credibility. "Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (*Matter of Musarra v Musarra,* 28 AD3d 668, 669 [2006]; *see Matter of Fragola v Alfaro,* 45 AD3d 684, 685 [2007]; *Matter of Accettulli v Accettulli,* 38 AD3d 766, 767 [2007]; *Matter of Luther v Luther,* 35 AD3d 473 [2006]). Where, as here, there is insufficient evidence to determine gross income, the Child Support Standards Act provides that "the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Family Ct Act § 413 [1] [k]; *see Orlando v Orlando,* 222 AD2d 906, 908 [1995]). Therefore, the Family Court properly denied the father's objections to the Support Magistrate's determination based upon the needs of the child (*see* Family Ct Act § 413 [1] [k]; *Matter of Denham v Kaplan,* 16 AD3d 685 [2005]; *Matter of Kondratyeva v Yapi,* 13 AD3d 376 [2004]; *Matter of Grossman v Grossman,* 248 AD2d 536 [1998]).

The appellant's remaining contentions are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.