■ In the Matter of LINDA HICKS, Respondent, v JOHN HICKS, Appellant. [929 NYS2d 875]—

There is no merit to the father's contention that the Support Magistrate erred in entering an order of support without knowledge of the father's income (*see* Family Ct Act § 413 [1] [c] [1], [2]; *cf.* § 424-a [b]). Where, as here, there is insufficient evidence to determine gross income, the Child Support Standards Act provides that "the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Family Ct Act § 413 [1] [k]; *see Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]). The Support Magistrate properly determined the amount of support based on the evidence adduced at the hearing, which included evidence of the child's needs and expenses (*see Matter of Ennis v Pina*, 78 AD3d 830, 831 [2010]; *Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]; *Matter of Genender v Genender*, 51 AD3d 669 [2008]).

The father's remaining contentions are not properly before this Court as they were not raised in his objections to the Support Magistrate's order dated July 2, 2010 (*see Matter of Betan-*

court v Betancourt, 71 AD3d 764, 765 [2010]; *Matter of Forman v Frost*, 67 AD3d 908, 909 [2009]; *Matter of Primus v Mason-Primus*, 63 AD3d 743, 744 [2009]; *Matter of Corr v Corr*, 3 AD3d 567 [2004]). Skelos, J.P., Eng, Austin and Miller, JJ., concur.