■ In the Matter of Salvatore D., Respondent, v Shyou H., Appellant. [931 NYS2d 53]—

The Support Magistrate properly ordered child support based on the needs of the child, since respondent presented insufficient evidence to determine her gross income (*see* Family Ct Act § 413 [1] [k]; *Matter of Childress v Samuel*, 27 AD3d 295, 296 [2006]). Respondent's stated expenses were more than twice the income reflected on her tax return. The Support Magistrate found incredible respondent's testimony regarding her employment, her living situation and loans from her employer and brother. There is no basis to disturb those findings (*Childress*, 27 AD3d at 296).

The Support Magistrate properly declined to consider the factors set forth in Family Court Act § 413 (1) (f), including the child's receipt of Social Security disability benefits. Such factors

should be considered only where, unlike here, the court is able to calculate the basic child support obligation pursuant to Family Court Act § 413 (1) (c) (*see Matter of Graby v Graby*, 87 NY2d 605 [1996]).

Respondent's testimony, including that she was a well-known esthetician with celebrity clients and 22 years of experience, supports the Support Magistrate's determination that she is able to pay the child support obligation. The Support Magistrate was not required to rely on respondent's account of her finances (*see Matter of Culhane v Holt*, 28 AD3d 251, 252 [2006]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.