In the Matter of FENG LUCY LUO, Respondent-Appellant, v TOM T. YANG, Appellant-Respondent. [933 NYS2d 80]—

The father failed to file a sworn financial disclosure affidavit (*see* Family Ct Act § 424-a) and failed to comply with discovery demands. Under these circumstances, the Support Magistrate did not err in precluding the father from offering evidence as to his financial ability to pay child support (*see* Family Ct Act § 424-a [b]; *Lotardo v Lotardo*, 31 AD3d 504, 505 [2006]). Moreover, since there was insufficient evidence to determine the

father's gross income, the Family Court properly denied his objections to the Support Magistrate's determination based upon the needs of the children (*see* Family Ct Act § 413 [1] [k]; *Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]; *Matter of Saladin v Vicari*, 23 AD3d 215 [2005]; *Matter of Denham v Kaplan*, 16 AD3d 685 [2005]; *Matter of Kondratyeva v Yapi*, 13 AD3d 376 [2004]; *Matter of Grossman v Grossman*, 248 AD2d 536 [1998]). Furthermore, the Support Magistrate had sufficient evidence to determine the needs of the children (*see Baruch v Blum*, 301 AD2d 479 [2003]). Great deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (*see Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]; *Matter of Fragola v Alfaro*, 45 AD3d 684, 685 [2007]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). The record supports the Support Magistrate's assessment of the mother's credibility on the issue of the needs of the children.

The father's claim of prejudice or bias on the part of the Support Magistrate is improperly based in large part upon matter dehors the record (*see Matter of Neuhauser v Eisenberger*, 77 AD3d 951 [2010]). Contrary to the father's contention, there is no evidence in the record that the Support Magistrate was prejudiced or biased against him and deprived him of a fair hearing (*see Matter of Zeman v Knibbs*, 86 AD3d 578 [2011]; *Matter of Richardson v Richardson*, 80 AD3d 32, 44-45 [2010]; *Matter of Jeannie B. v Roger D.*, 33 AD3d 994 [2006]; *Matter of Grossman v Grossman*, 238 AD2d 339 [1997]).

To the extent that the father raises an issue on appeal regarding his written application for an apportionment of the costs he incurred in obtaining and reproducing transcripts of the hearing, that application was not addressed by the Family Court. Accordingly, his application remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]).

The father's remaining contentions are not properly before this Court, as they were not raised in his objections to the Support Magistrate's order (*see Matter of Forman v Frost*, 67 AD3d 908 [2009]; *Matter of Primus v Mason-Primus*, 63 AD3d 743, 744 [2009]; *Matter of Corr v Corr*, 3 AD3d 567 [2004]), or without merit.

Contrary to the mother's contention, the Family Court properly denied her objections to the Support Magistrate's determination allocating to her one half of the sum determined to be reasonable to meet the needs of the children, given her means and earning capacity (*see* Family Ct Act § 413 [1] [a]). Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.