■ In the Matter of CYNTHIA MARIE LORYS, Respondent, v SHAWN POWELL, Appellant. [983 NYS2d 892]—

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Morales-Horowitz, J.), entered July 24, 2012, which denied his objections to an order of the same court (Jordan, S.M.), entered March 21, 2012, which, after a hearing, granted the mother's petition for an upward modification of his child support obligation as set forth in an order of child support entered May 14, 2010.

Ordered that the order entered July 24, 2012, is affirmed, without costs or disbursements.

"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Sicurella v Embro*, 31 AD3d 651 [2006]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d at 651). Here, in light of the fact that the father left the courthouse before the hearing began despite advanced notice that a hearing would occur, and his counsel's failure to articulate a legitimate reason for an adjournment, the Support Magistrate providently exercised her discretion in denying the application for an adjournment made by the father's counsel at the conclusion of the mother's case (*see Matter of Paulino v Camacho*, 36 AD3d 821 [2007]; *Matter of Sicurella v Embro*, 31 AD3d 651 [2006]).

A support magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), and we accord deference to a support magistrate's credibility determinations (*see Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]; *Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]). Here, the Support Magistrate's decision to impute $100,000 in income to the father, which was based primarily on a credibility determination, is supported by the record, and should not be disturbed (*see Matter of Gebaide v McGoldrick*, 74 AD3d 966 [2010]; *Matter of Kennedy v Ventimiglia*, 73 AD3d 1066 [2010]).

As to the father's claim of ineffective assistance of counsel, in the context of civil litigation, such a claim will not be entertained where, as here, extraordinary circumstances are absent (*see Matter of Ferrara v Ferrara*, 52 AD3d 599, 600 [2008]; *Matter of Cichosz v Cichosz*, 12 AD3d 598, 599 [2004]; *Matter of Ketcham v Crawford*, 1 AD3d 359, 361 [2003]).

The father's remaining contentions are not properly before this Court, as they were not raised in his objections to the Support Magistrate's order (*see Matter of Jenkins-Moore v Smith*, 108 AD3d 544 [2013]; *Matter of Hicks v Hicks*, 87 AD3d 1143 [2011]; *Matter of Betancourt v Betancourt*, 71 AD3d 764 [2010]). Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.