■ In the Matter of GONY WEISS, Respondent, v JARED ROSENTHAL, Appellant. [998 NYS2d 391]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) findings of fact of the Family Court, Rockland County (Miklitsch, S.M.), dated July 4, 2013, (2) an order of the same court entered July 31, 2013, which, upon the findings of fact, imposed a child support obligation in the sum of $786.95 monthly plus 50% of the child's health, child care, and summer-camp related expenses, and (3) an order of the same court (Eisenpress, J.), entered October 30, 2013, which denied his objections to the order entered July 31, 2013.

Ordered that the appeal from the findings of fact is dismissed, as no appeal lies therefrom (*see Soehngen v Soehngen*, 58 AD3d 829 [2009]); and it is further,

Ordered that the appeal from the order entered July 31, 2013, is dismissed, as that order was superseded by the order entered October 30, 2013; and it is further,

Ordered that the order entered October 30, 2013, is affirmed, with one bill of costs.

Although the father submitted a financial disclosure affidavit and various financial records to the Family Court, his affidavit and the accompanying records did not contain adequate information for the Support Magistrate to determine his income and assets (*see Matter of Thompson v Coleman*, 114 AD3d 802, 802 [2014]; *Matter of Ripa v Ripa*, 61 AD3d 766, 767 [2009]). Under these circumstances, the Family Court properly denied the father's objection to the Support Magistrate's determination to base his support obligation only on the child's needs (*see* Family Ct Act § 413 [1] [k]; *Matter of Thompson v Coleman*, 114 AD3d at 802; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 946-947 [2011]; *Matter of Tsarova v Tsarov*, 59 AD3d 632, 633 [2009]; *Matter of Grossman v Grossman*, 248 AD2d 536, 537 [1998]). Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.