In the Matter of ELIZABETH SAFRAN, Respondent, v EDGARD NAU, Appellant. [999 NYS2d 4]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about August 13, 2013, which to the extent appealed from as limited by the briefs, denied respondent's objection to an order, same court (Lewis A. Borofsky, S.M.), entered on or about May 14, 2013, imputing income to him for child support purposes and declining to impute income to petitioner, unanimously affirmed, without costs.

Contrary to petitioner's contention, this appeal was not rendered moot by the parties' subsequent stipulation, since the stipulation did not settle the issue raised by respondent on appeal. We note in any event that the stipulation is not included in the record on appeal, and there is no evidence that it was so-ordered by the court.

In determining respondent's income, the support magistrate was not bound by the figure reported on respondent's most recent (2012) income tax return (*Matter of Childress v Samuel*, 27 AD3d 295 [1st Dept 2006]). Respondent has been practicing podiatry in the New York area since 1989. He testified that he had no unreported income, but his financial disclosure affidavit indicated monthly expenses greatly exceeding his reported

income, and he failed to provide any reasonable explanation for this; the money given to him by his mother in 2012 does not account for it. In imputing income to him, the support magistrate properly considered respondent's established podiatry practice and the evidence that he was working only three days a week (*see K. v B.*, 13 AD3d 12, 20 [1st Dept 2004], *appeal dismissed* 4 NY3d 776 [2005]).

Respondent failed to support his claim that the support magistrate's determination of petitioner's income was improper; he did not challenge either petitioner's testimony about her income or the documents she introduced at trial, including her financial disclosure affidavit and her profit and loss statement. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.