■ In the Matter of Linda Andrzejczyk, Respondent, v Michael Kotowski, Appellant. [997 NYS2d 642]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated February 24, 2014. The order denied the father's objections to a prior order (Aletha Fields, S.M.) which, after a hearing, set his basic child support obligation at $2,900 per month.

Ordered that the order dated February 24, 2014, is affirmed, without costs or disbursements.

Deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (*see Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). Here, the record supports the Support Magistrate's assessment of the parties' credibility. In light of the father's evasiveness concerning his income and earning ability, the Family Court properly determined that the Support Magistrate had insufficient information to determine the father's gross income (*see Matter of Denham v Kaplan*, 16 AD3d 685 [2005]). The Family Court properly denied the father's objection to the Sup-

port Magistrate's determination to base his support obligation only on the children's needs, which was based on testimony elicited at the hearing (*see* Family Ct Act § 413 [1] [k]; *Matter of Thompson v Coleman*, 114 AD3d 802 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 946-947 [2011]; *Matter of Tsarova v Tsarov*, 59 AD3d at 633). To the extent the father contends that the Support Magistrate failed to divide the child support between the mother and the father (*see* Family Ct Act § 413 [1] [a]), we find such contention to be without merit. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.