█ In the Matter of ALEXIS D.F., Respondent, v NOËLLE P., Appellant. [998 NYS2d 887]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about March 15, 2013, which denied respondent's objections to the order, same court (Cheryl Weir-Reeves, S.M.), entered on or about December 7, 2012, denying her objection to a cost-of-living adjustment and modifying an order of support to set her monthly child support obligation at $2,106.66, plus one half of the children's college costs, unanimously affirmed, without costs.

The court properly determined respondent's child support obligation based on the greater of the children's needs or standard of living, pursuant to Family Court Act § 413 (1) (k), since there was insufficient evidence to determine her gross income for child support purposes (see Matter of Salvatore D. v Shyou H., 88 AD3d 548 [1st Dept 2011]; Merchant v Hicks, 15 AD3d 266 [1st Dept 2005]).

Respondent's argument that the court erred in declining to use income tax return evidence when determining her base income for child support purposes is unavailing. The magistrate was "not bound to determine respondent's income based solely on the figure reported on [her] . . . income tax return[s]" (Matter of Childress v Samuel, 27 AD3d 295, 296 [1st Dept 2006]), since "[c]hild support is based on a parent's ability to provide for his or her children, not necessarily the parent's current economic situation" (K. v B., 13 AD3d 12, 20 [1st Dept 2004]; see Family Ct Act § 413 [1] [a]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.