■ In the Matter of KORALIA TOUMAZATOS, Respondent, v STELIOS TOUMAZATOS, Appellant. [1 NYS3d 838]—

Appeal from an order of the Family Court, Nassau County (Robin Kent, J.), dated December 11, 2013. The order denied the father's objections to a prior order of that court (Patricia Bannon, S.M.), which, after a hearing, directed him to pay child support in the sum of $2,438.70 per month.

Ordered that the order is affirmed, with costs.

The Family Court did not err in denying the father's objections to the order directing him to pay child support in the sum of $2,438.70 per month. Great deference should be given to the credibility determination of the Support Magistrate, who is in

the best position to assess the credibility of the witnesses (*see Matter of Martin v Cooper*, 96 AD3d 849 [2012]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]; *Matter of Ennis v Pina*, 78 AD3d 830 [2010]). Here, the record supports the Support Magistrate's finding that the father's testimony regarding his financial situation was not credible.

The father's financial disclosure affidavit, tax returns, and testimony at the hearing did not contain adequate information for the Support Magistrate to determine his income and assets. Therefore, the Support Magistrate did not err in basing the father's support obligation on the needs of the children pursuant to Family Court Act § 413 (1) (k) (*see Matter of Weiss v Rosenthal*, 122 AD3d 932 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d at 947; *Matter of Ennis v Pina*, 78 AD3d at 831; *Matter of Tsarova v Tsarov*, 59 AD3d 632 [2009]). The Support Magistrate properly determined the amount of support based on the evidence of the children's needs and expenses adduced at the hearing (*see Matter of Hicks v Hicks*, 87 AD3d 1143 [2011]; *see also Matter of Feng Lucy Luo v Yang*, 89 AD3d at 947).

Furthermore, the Support Magistrate's questioning of the father was proper. A support magistrate may assume an active role in the examination of witnesses where proper or necessary to facilitate or expedite the orderly progress of the hearing (*see Matter of Cadle v Hill*, 23 AD3d 652 [2005]; *see also McGuire v McGuire*, 93 AD3d 701 [2012]). Here, the Support Magistrate asked questions only in order to clarify the father's testimony regarding his financial situation. The Support Magistrate did not unduly interfere with the presentation of the father's case, or indicate any partiality or bias which would warrant reversal (*see Matter of Cadle v Hill*, 23 AD3d at 653). Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.