■ In the Matter of KELLY FREESE, Respondent, v GEORGE CASAZZA, Appellant. [34 NYS3d 125]—

Appeal from an order of the Family Court, Richmond County (Arnold Lim, J.), dated February 24, 2015. The order denied the father's objections to an order of that court (Janele Hyer-Spencer, S.M.) dated November 5, 2014, which, after a hearing, inter alia, directed him to pay the mother child support in the sum of $871 per month. The notice of appeal from the order

dated November 5, 2014, is deemed to be a notice of appeal from the order dated February 24, 2015 (*see* CPLR 5512 [a]).

Ordered that the order dated February 24, 2015, is affirmed, without costs or disbursements.

The mother and the father are the unmarried parents of a child. In July 2013, the mother filed a petition for an order directing the father to pay child support. Following a hearing, the Support Magistrate issued an order directing the father to pay child support in the total sum of $871 per month. The father filed objections to the support order, and the Family Court denied the objections. The father appeals.

" 'In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses' " (*Matter of Straker v Maynard-Straker*, 133 AD3d 865, 866 [2015], quoting *Matter of DaVolio v DaVolio*, 101 AD3d 1120, 1121 [2012]).

Contrary to the father's contention, the Family Court properly upheld the Support Magistrate's determination that he failed to present credible evidence of a medical inability to work (*see Matter of Mikhlin v Giuffrida*, 119 AD3d 692 [2014]; *Matter of Gavin v Worner*, 112 AD3d 928, 929 [2013]; *Matter of Ahrem v Cattell*, 254 AD2d 352 [1998]). Further, the court properly determined that the Support Magistrate had insufficient information to determine the father's income and earning ability and, thus, properly denied the father's objection to the Support Magistrate's determination to base his support obligation on the child's needs, which was based on testimony elicited at the hearing (*see* Family Ct Act § 413 [1] [k]; *Matter of Andrzejczyk v Kotowski*, 123 AD3d 1119 [2014]; *Matter of Thompson v Coleman*, 114 AD3d 802 [2014]).

The father's remaining contentions are without merit.

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order directing him to pay child support in the sum of $871 per month. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.