Appeal by the father from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered December 14, 2016. The order denied the father’s objections to an order of support of that court (Barbara O. Afriyie, S.M.) entered October 13, 2016, which, after a hearing, inter alia, directed him to pay child support in the sum of $490 per month.
 

 Ordered that the order entered December 14, 2016, is affirmed, without costs or disbursements.
 

 The mother and the father are the unmarried parents of one child. In October 2015, the mother filed a petition for child support. On February 17, 2016, the Family Court issued a temporary order of support directing the father to pay child support in the sum of $50 per month. In an order of support entered October 13, 2016, made after a hearing, the Support Magistrate directed the father to pay child support in the sum of $490 per month. The father filed objections to the order of support, and in an order entered December 14, 2016, the court denied the objections. The father appeals, contending that the Support Magistrate improperly issued a needs-based order of support rather than an order of support based on his income or his income-earning ability.
 

 Pursuant to the Family Court Act, when a party has defaulted or if the court has insufficient evidence to determine a party’s income, “the court shall order child support based upon the needs or standard of living of the child, whichever is greater” (Family Ct Act § 413 [1] [k]; see Matter of Toumazatos v Toumazatos, 125 AD3d 870, 871 [2015]; Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 946-947 [2011]; Matter of Tsarova v Tsarov, 59 AD3d 632, 633 [2009]). Here, contrary to the father’s contention, the Support Magistrate did not issue the order of support based on the father’s default but, rather, properly determined that there was no credible testimony or documentary evidence upon which to rely in order to impute income or determine the father’s actual earning capacity based on past earnings (see Matter of Toumazatos v Toumazatos, 125 AD3d at 871; Matter of Weiss v Rosenthal, 122 AD3d 932, 933 [2014]). Thus, it was proper for the Support Magistrate to base the support obligation on the child’s needs pursuant to Family Court Act § 413 (1) (k) (see Matter of Toumazatos v Toumazatos, 125 AD3d at 871; Matter of Thompson v Coleman, 114 AD3d 802, 802 [2014]). Accordingly, the Family Court properly denied the father’s objection to the Support Magistrate’s determination to base his support obligation on the child’s needs (see Matter of Andrzejczyk v Kotowski, 123 AD3d 1119, 1119-1120 [2014]; Matter of Tsarova v Tsarov, 59 AD3d at 633).
 

 The father’s remaining contentions are either not properly before this Court, as they were not raised in his objections to the Support Magistrate’s order (see Family Ct Act § 439 [e]; Matter of Thompson v Coleman, 114 AD3d at 802; Matter of Feng Lucy Luo v Yang, 89 AD3d at 947), or without merit.
 

 Chambers, J.P., Cohen, Barros and Christopher, JJ., concur.