Matter of McVea v McVea (2019 NY Slip Op 07259)





Matter of McVea v McVea


2019 NY Slip Op 07259


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-07245
 (Docket No. F-1559-07)

[*1]In the Matter of Ann Marie McVea, respondent,
v
Kevin McVea, appellant.


F. J. Romano & Associates, P.C., Smithtown, NY (Frank J. Romano of counsel), for appellant.
Harry R. Thomasson, Wantagh, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated May 11, 2018. The order denied the father's objections to an order of the same court (Elizabeth A. Bloom, S.M.) dated February 23, 2018, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation.
ORDERED that the order dated May 11, 2018, is affirmed, with costs.
The parties are the parents of one child. In April 2012, the Family Court directed the father to pay $155 per week for basic child support based upon the father's unemployment benefit and the imputation of additional income for support he received for household expenses from his domestic partner. In October 2016, the mother filed a petition for an upward modification of the father's child support obligation. Following a hearing, the Support Magistrate determined that there was insufficient evidence in the record to accurately determine the father's income and, in an order dated February 23, 2018, directed the father to pay child support based upon the child's needs in the amount of $1,962 per month. The father filed objections to the Support Magistrate's order and, in an order dated May 11, 2018, the court denied the objections.
"The support magistrate is not bound by a party's version of his or her finances or financial documentation" (Matter of Barmoha v Eisayev, 146 AD3d 946, 946; see Matter of Picone v Golio, 170 AD3d 859, 860), and "[g]reat deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Toumazatos v Toumazatos, 125 AD3d 870, 870-871; see Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947). Here, the record supports the Support Magistrate's finding that there was no credible testimony or documentary evidence upon which to rely in order to determine the father's income or earning capacity. Therefore, we agree with the Family Court's denial of the father's objections to the Support Magistrate's determination to base his support obligations on the needs of the child (see Family Ct Act § 413[1][k]; Matter of Bayon v Caston, 155 AD3d 946, 947; Matter of Toumazatos v Toumazatos, 125 AD3d at 871; Matter of Weiss v Rosenthal, 122 AD3d 932, 933; Matter of Feng Lucy Luo v Yang, 89 AD3d at 946-947; Matter of Tsarova v Tsarov, 59 AD3d 632, 633).
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court