Matter of Konig v Fabrizio (2019 NY Slip Op 07584)





Matter of Konig v Fabrizio


2019 NY Slip Op 07584


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2018-12547
 (Docket No. F-02893-18)

[*1]In the Matter of Catherine R. Konig, respondent,
v
Joseph P. Fabrizio, appellant.


Amy Colvin, Huntington, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Danielle M. Peterson, J.), dated September 14, 2018. The order of commitment, in effect, confirmed an order of disposition of the same court (Elizabeth A. Bloom, S.M.), dated August 10, 2018, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $5,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother, the custodial parent of the parties' child, commenced this proceeding alleging that the father was in willful violation of an order of child support dated May 16, 2018, pursuant to which the father was directed to pay $119 per week in child support and $121 per week toward his accumulated child support arrears. Following a hearing, at which the father was represented by assigned counsel, the Support Magistrate issued an order of disposition finding that the father's failure to pay support as ordered was willful. In an order of commitment dated September 14, 2018, the Family Court, in effect, confirmed the Support Magistrate's order and committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $5,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the Support Magistrate's finding that the father was in willful violation of the order of support is not academic in light of the enduring consequences which could flow from the finding that he violated the order of support (see Matter of Brewster v Davidson, 173 AD3d 1176, 1177; Matter of Murray v Fils-Aime, 170 AD3d 847, 848).
" The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court'" (Matter of Lorys v Powell, 116 AD3d 1047, 1048, quoting Matter of Anthony M., 63 NY2d 270, 283). " In making such a determination, the court must undertake a balanced consideration of all relevant factors'" (Matter of Lorys v Powell, 116 AD3d at 1048, quoting Matter of Sicurella v Embro, 31 AD3d 651, 651). Here, the Support Magistrate providently exercised her discretion in denying the father's application for an adjournment of the hearing on August 8, 2018, as good cause was not shown (see Matter of Leonard v Leonard, 150 AD3d 1242, 1244; Matter of Lorys v Powell, 116 AD3d at 1048; Matter of Braswell v Braswell, 80 AD3d 827, 828).
Furthermore, contrary to the father's contention, the record, viewed in totality, reveals that he received meaningful representation (see Matter of Detore v Detore, 173 AD3d 1181, 1183; Matter of Esposito v Rosa, 172 AD3d 858, 859; Matter of Murray v Fils-Aime, 170 AD3d at 849).
The father's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding that the father's failure to make payments in accordance with the order of support was willful.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court