Matter of Sutherland v Eronini (2020 NY Slip Op 05762)





Matter of Sutherland v Eronini


2020 NY Slip Op 05762


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02072
 (Docket No. F-4692-18)

[*1]In the Matter of Odetha Sutherland, respondent,
v
George Bestman Eronini, appellant.


George Bestman Eronini, Staten Island, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Karen Wolff, J.), dated January 31, 2019. The order denied the father's objections to an order of the same court (Janele Hyer-Spencer, S.M.), dated December 13, 2018, which, after a hearing, inter alia, directed the father to pay child support in the sum of $2,047.08 per month.
ORDERED that the order dated January 31, 2019, is affirmed, without costs or disbursements.
The parties, who were never married, have three children in common. In September 2018, the mother filed a petition seeking child support. Following a hearing, the Support Magistrate determined that there was insufficient evidence in the record to accurately determine the father's income and, in an order dated December 13, 2018, directed the father to pay child support based upon the children's needs in the amount of $2,047.08 per month. The father filed objections to the Support Magistrate's order and, in an order dated January 31, 2019, the Family Court denied the objections. The father appeals.
Pursuant to the Family Court Act, when a party has defaulted or if the court has insufficient evidence to determine a party's income, "the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Family Ct Act § 413[1][k]; see Matter of Bayon v Caston, 155 AD3d 946, 947; Matter of Toumazatos v Toumazatos, 125 AD3d 870, 871). "The support magistrate is not bound by a party's version of his or her finances or financial documentation" (Matter of McVea v McVea, 176 AD3d 822, 822 [internal quotation marks omitted]), and "[g]reat deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Toumazatos v Toumazatos, 125 AD3d at 870-871). Here, the record supports the Support Magistrate's determination that the father failed to present credible evidence from which his income could be ascertained (see Matter of McVea v McVea, 176 AD3d at 822; Matter of Bayon v Caston, 155 AD3d at 947; Matter of Toumazatos v Toumazatos, 125 AD3d at 871). Contrary to the father's contention, the record does not establish that the Support Magistrate precluded him from testifying or presenting evidence at the hearing. Rather, following a colloquy between the Support Magistrate and the parties, upon certain admonitions from the Support Magistrate, the father counsel's withdrew his request to present testimony from the father.
Therefore, we agree with the Family Court's denial of the father's objections to the Support Magistrate's determination to base his support obligations on the needs of the children (see Family Ct Act § 413[1][k]; Matter of McVea v McVea, 176 AD3d at 823; Matter of Bayon v Caston, 155 AD3d at 947; Matter of Toumazatos v Toumazatos, 125 AD3d at 871).
The father's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court