Rosenbaum v Festinger (2023 NY Slip Op 00684)

Rosenbaum v Festinger

2023 NY Slip Op 00684

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-05985
 (Index No. 50373/13)

[*1]Charnie Rosenbaum, respondent,
v
Samuel Festinger, etc., appellant.

Gina-Marie LoBraico-Reitano, Staten Island, NY, for appellant.
Charnie Rosenbaum, Brooklyn, NY, respondent pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Kings County (Rachel A. Adams, J.), dated July 26, 2021. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated June 14, 2021, made after a nonjury trial, directed the defendant to pay child support to the plaintiff in the sum of $5,597 per month.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in December 2001 and have two children, born in 2003 and 2004, respectively. In January 2013, the plaintiff commenced this action for a divorce and ancillary relief.
In September 2014, the plaintiff moved, inter alia, to direct the defendant to comply with certain discovery requests and, if the defendant failed to comply, to preclude him from offering evidence at trial relating to financial matters. In an order dated December 23, 2014, after a hearing, the Supreme Court granted the plaintiff's motion (hereinafter the conditional order of preclusion). The court stated, inter alia, that, in the event that the defendant failed to comply with the order, the court would determine child support based on the children's needs as established at trial rather than upon consideration of the formula and factors set forth in the Child Support Standards Act. The defendant appealed the conditional order of preclusion, and this Court affirmed (see Rosenbaum v Festinger, 151 AD3d 897).
Subsequently, the defendant failed to comply with the conditional order of preclusion and, consequently, was precluded from presenting evidence at trial regarding his financial circumstances. In a judgment of divorce dated July 26, 2021, upon a decision made after a nonjury trial, the Supreme Court, inter alia, directed the defendant to pay child support to the plaintiff in the sum of $5,597 per month. The defendant appeals.
"When a party has defaulted and/or the court is otherwise presented with insufficient evidence to determine gross income, the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Domestic Relations Law § 240[1-b][k]; see [*2]Matter of Bayon v Caston, 155 AD3d 946, 947; Lew v Lew, 82 AD3d 1171, 1171; Evans v Evans, 57 AD3d 718, 719). Here, as authorized, the Supreme Court calculated the defendant's monthly child support obligation on the basis of the children's needs and did not impute income to the defendant. Thus, the requirement that the court specifically state the amount of income imputed and the resultant calculations does not apply (see generally Matter of Bayon v Caston, 155 AD3d at 947; cf. Pilkington v Pilkington, 185 AD3d 844, 846; Matter of Gravenese v Marchese, 57 AD3d 992, 993; Matter of Ambrose v Felice, 45 AD3d 581, 583).
Under the particular circumstances of this case, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in not imputing income to the plaintiff on the basis of money she borrowed from family members (see Malkani v Malkani, 208 AD3d 863, 865-866; cf. Matter of Ambrose v Felice, 45 AD3d at 583).
The defendant's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court