Matter of Dutchess County Dept. of Social Servs. v Bailey (2025 NY Slip Op 03717)

Matter of Dutchess County Dept. of Social Servs. v Bailey

2025 NY Slip Op 03717

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-02663
 (Docket No. F-5038-12)

[*1]In the Matter of Dutchess County Department of Social Services, etc., respondent, 
v
Percival E. Bailey, Jr., appellant. Percival E. Bailey, Jr., Brooklyn, NY, appellant pro se.

Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Mary Ellen DeCicco of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated February 28, 2024. The order denied the father's objections to an order of the same court (Jeanne M. Patsalos, S.M.) dated December 19, 2023, which denied the father's motion to vacate an order of support of the same court (Steven R. Kaufman, S.M.) dated April 5, 2013.
ORDERED that the order dated February 28, 2024, is affirmed, with costs.
The mother and the father were married on October 18, 2007, and have two children. In August 2012, the petitioner, Dutchess County Department of Social Services, on behalf of the mother, commenced this proceeding pursuant to Family Court Act article 4 for child support, alleging that the father failed to provide fair and reasonable child support since November 2010. Following an oral stipulation made on the record by the mother and the father, the Family Court issued an order of support dated April 5, 2013, upon the consent of the mother and the father, directing the father to pay the sum of $400 per month for child support based on the needs of the children, since the father's income was unknown (hereinafter the 2013 support order). In 2023, the petitioner, on behalf of the mother, filed a petition alleging that the father violated the 2013 support order. The father thereafter moved to vacate the 2013 support order. In an order dated December 19, 2023, the Support Magistrate denied the motion. The father filed objections to the Support Magistrate's order, and in an order dated February 28, 2024, the court denied the father's objections. The father appeals.
"'When a party has defaulted and/or the court is otherwise presented with insufficient evidence to determine gross income, the court shall order child support based upon the needs or standard of living of the child, whichever is greater'" (Rosenbaum v Festinger, 213 AD3d 788, 789, quoting Domestic Relations Law former § 240[1-b][k]). Here, given the father's repeated failure to provide required financial disclosures, the Family Court was authorized to determine child support based upon the children's needs (see id.; Matter of McGoldrick v Gebaide, 188 AD3d 885, 886). Accordingly, the court properly denied the father's objections to the Support Magistrate's order (see Family Ct Act former § 413[1][k]; Domestic Relations Law former § 240[1-b][k]; Matter of Bayon [*2]v Caston, 155 AD3d 946, 947).
The parties' remaining contentions are without merit.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court