Rosenbaum v Festinger (2026 NY Slip Op 00391)

Rosenbaum v Festinger

2026 NY Slip Op 00391

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-10824
 (Index No. 50373/13)

[*1]Charnie Rosenbaum, respondent,
vSamuel Festinger, appellant.

Lawrence Law Firm PLLC, Cold Brook, NY (Zachary Lawrence of counsel), for appellant.
Charnie Rosenbaum, Brooklyn, NY, respondent pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 26, 2021, the defendant appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated October 4, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, to stay arbitration of certain claims before a Rabbinical Court.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, to stay arbitration of certain claims before a Rabbinical Court, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of staying arbitration of claims relating to child support, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant were divorced by a judgment of divorce dated July 26, 2021. The judgment of divorce, inter alia, directed the defendant to pay child support to the plaintiff. The defendant appealed from so much of the judgment of divorce as directed him to pay child support, and this Court affirmed (see Rosenbaum v Festinger, 213 AD3d 788). Meanwhile, and allegedly for the purpose of obtaining a Get (a Jewish divorce decree), the parties agreed to submit to binding arbitration before a Rabbinical Court "all disputes/claims/counter claims, matters and differences whatsoever between them, including but not limited to claims mentioned and litigated [in the divorce action] . . . and ruled upon in a secular court" (hereinafter the agreement to arbitrate). The parties participated in some proceedings in the Rabbinical Court primarily related to the marital home. No claims relating to child support were submitted to the Rabbinical Court.
In March 2023, the plaintiff moved, among other things, to hold the defendant in contempt for failure to comply with the child support provisions of the judgment of divorce and, in effect, to stay arbitration of claims determined by the judgment of divorce in the Rabbinical Court on the ground that the agreement to arbitrate was invalid. In an order dated October 4, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was, in effect, to stay arbitration of claims determined by the judgment of divorce in the Rabbinical Court. The defendant appeals.
Generally, a party, such as the plaintiff, who has participated in an arbitration [*2]proceeding is precluded from challenging the validity of an agreement to arbitrate (see CPLR 7503[b]; Matter of Jewish Ctr. of Forest Hills W., Inc. v Goldberg, 160 AD3d 644, 645-646). However, "'[l]ike contract rights generally, a right to arbitration may be modified, waived or abandoned'" (Cusimano v Schnurr, 26 NY3d 391, 400 [internal quotation marks omitted], quoting Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66). "Where a party affirmatively seeks the benefits of litigation, in a manner 'clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration,' the right to arbitrate has been waived" (Matter of Village of Bronxville v Bronxville Police Taylor Act Comm., 171 AD3d 932, 934, quoting Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d at 66). "[O]nce waived, the right to arbitrate cannot be regained, even by the [other party's] failure to seek a stay of arbitration" (Matter of City of Yonkers v Yonkers Firefighters, 165 AD3d 795, 796 [internal quotation marks omitted]; see Matter of Village of Bronxville v Bronxville Police Taylor Act Comm., 171 AD3d at 934; Matter of Allstate Ins. Co. v Howell, 151 AD3d 461, 461).
Here, the defendant waived his right to arbitrate claims relating to child support in the Rabbinical Court by appealing from the child support provisions of the judgment of divorce—conduct which is inconsistent with his contention that the parties are obligated to resolve claims relating to child support by arbitration (see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d at 68). Therefore, under the particular circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, to stay arbitration of claims determined by the judgment of divorce in the Rabbinical Court only to the extent of staying arbitration of claims relating to child support.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court