OPINION OF THE COURT
Michael Ambrosio, J.
On September 29, 1983, Lynette L. made her initial appearance — the juvenile analogue to arraignment in the criminal courts — on a delinquency petition charging her with criminal possession of a weapon.
After the respondent was informed of her rights and of the charges against her, the court appointed a Law Guardian to represent her. After the Law Guardian entered a denial of the charges the presentment agency (the office of the Corporation Counsel) served upon the Law Guardian a document denominated “the voluntary disclosure form.” Simultaneously, the presentment agency sought to file a copy of this form with the court. The Law Guardian, although acknowledging the value of voluntary disclosure between the parties, objected to the filing of the form with the court.
The court begins its analysis of the issue by turning to the newly enacted article 3 of the Family Court Act (as added by L 1982, ch 920) which governs juvenile delinquency proceedings. Part 3 of the new article 3 details at some length the discovery devices available to the parties *531 in a juvenile delinquency proceeding. No mention is made therein of a voluntary disclosure form.
The question before the court is whether the court may, despite objection, accept for filing a disclosure device created by one of the parties and unknown to our law.
/ The presentment agency argues in support of filing the form that it is designed merely to obviate the need for a bill of particulars. Moreover, the presentment agency suggests that since a bill of particulars would be filed with the court pursuant to subdivision 1 of section 330.1 of the Family Court Act, Corporation Counsel’s voluntary disclosure form should also be accepted for filing. The court finds the presentment agency’s position to be without merit and therefore denies its application to file the form with the court.
Even if the voluntary disclosure form was no more than an anticipatory bill of particulars, the court would not be free to accept it over objection. The statute gives the respondent the right to ask the court to order a bill of particulars. (See Family Ct Act, § 330.1.) Only after the court has reviewed the questions being asked by the respondent and has determined that they are appropriate for a bill of particulars will the court order the presentment agency to file a bill. The presentment agency may properly attempt to obviate the need for a motion for a bill of particulars by voluntarily disclosing to the respondent such information as it believes would satisfy respondent. However, only the respondent may move the court for a bill and only the court may direct the presentment agency to file the bill with the court. (Family Ct Act, § 330.1, subd 1.) In the absence of a motion by respondent, followed by a court order, a bill of particulars may not be filed with the court. Thus the voluntary disclosure form,- even if merely an anticipatory bill of particulars, may not be filed since respondent has made no motion and the court no order.
The presentment agency’s voluntary disclosure form is, however, nothing like a traditional bill of particulars. It is settled law that a bill of particulars merely amplifies or enlarges upon the pleadings. (Bergman v General Motors Co., 74 AD2d 886.) Indeed, subdivision 3 of section 330.1 of the Family Court Act enjoins the court from ordering the *532 presentment agency to provide evidentiary material in a bill of particulars. (See, also, Kenler v Weissbach, 61 AD2d 976, 977.) Since the bill of particulars is so limited in scope the statute provides for it to be filed with the court. (Family Ct Act, § 330.1, subd 1.)
The presentment agency’s voluntary disclosure form, on the other hand, is an amalgam of virtually every disclosure device provided by article 3 of the Family Court Act. While it provides some information which might be found in a bill of particulars, it goes beyond this to include such matters as a summary of respondent’s confession. Of course, the confession may be the very foundation of the case against respondent. To permit its contents to be filed with the court in the voluntary disclosure form before the respondent’s attorney has had an opportunity to read it, let alone move to suppress it, may well taint the entire subsequent proceeding. Indeed, the voluntary disclosure form not only discloses potentially objectionable material but also goes on to demand disclosure of certain information from the respondent. Clearly, the form is a hybrid neither contemplated by statute nor analogous to a bill of particulars.
By offering the voluntary disclosure form for filing with the court the presentment agency expresses a fundamental misunderstanding of the discovery process. Discovery is basically designed by article 3 to permit the parties to inform themselves fully about the matters in issue before the commencement of the trial. While the court may supervise the discovery process, the statute does not contemplate the court becoming a participant in it. The court’s own search for the truth, guided and circumscribed by the rules of law and evidence, must abide the trial. For this reason it declines to file the voluntary disclosure form.