OPINION OF THE COURT
Guy P. De Phillips, J.
Respondent’s attorney filed a motion for an order prohibiting the presentment agency from filing a voluntary disclosure form with the court and removing any voluntary disclosure form already on file with the court. The presentment agency has submitted answering papers opposing the motion. After consideration of the arguments put forth by the respondent and the presentment agency the court denies respondent’s motion and permits the filing of the voluntary disclosure form.
At the initial appearance of respondent in this juvenile delinquency proceeding the presentment agency provided the respondent and the court with a copy of the voluntary disclosure form. This transaction occurred in open court and is noted on the record. The respondent’s counsel accepted the voluntary disclosure form and in his moving papers stated that he “appreciates the value of voluntary disclosure between the parties.” Although the respondent applauds the practice of voluntary disclosure, his objection to the filing of the form is based on the following: that it is not a discovery device prescribed by article 3 of the Family *244 Court Act and some of the material contained in the voluntary disclosure form may be of a “patently prejudicial nature” which may taint the fact-finding process. Respondent relies on Matter of Lynette L. (121 Misc 2d 530), in which the court declined to accept the voluntary disclosure form for filing.
This court in considering that decision notes that it is not bound by a ruling made by a court of co-ordinate jurisdiction. In the case relied upon by respondent (Matter of Lynette L., supra, p 531) the issue was framed as “whether the court may, despite objection, accept for filing a disclosure device created by one of the parties and unknown to our law.” This court, however, perceives the issue to be whether a document constituting a disclosure of information, given in open court by one party and accepted by the other party at arraignment, may be placed in the court file. For reasons set forth below, the court answers this question in the affirmative.
The voluntary disclosure form is offered by the presentment agency and accepted by the respondent in open court. Although article 3 of the Family Court Act does not specifically prescribe the voluntary disclosure form as a discovery device to be used in juvenile delinquency proceedings, neither does it proscribe the use of such a form. The information contained in the voluntary disclosure form placed in the court file would essentially be the same as that placed in the file as a result of the discovery devices specifically prescribed by article 3. Moreover, since time is of the essence in juvenile delinquency proceedings, the practice of voluntary disclosure serves to expedite discovery and therefore should be encouraged. (See Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 330.1, p 407.)
Respondent’s claim that the filing of thé voluntary disclosure form with the court will prejudice the subsequent proceeding is without merit. The voluntary disclosure form is not deemed admitted in evidence merely by being placed in the court file nor does it thereby become the proper subject of judicial notice. (Richardson, Evidence [10th ed], §§ 1, 8, 11.) Information which is not admitted into evidence at trial may not be used by the court in making a *245 fact-finding determination. Family Court Judges are called upon to act as both finder of fact and law in the same delinquency proceeding. They review and evaluate evidence and rule on its admissibility prior to or at trial. By reason of their learning, experience and judicial discipline they are capable of making objective determinations based upon the evidence which is actually admitted at trial. (See People v Brown, 24 NY2d 168, 172.) A Trial Judge is “ ‘learned in the law and trained to administer justice in strict accordance with the law’ ”. (Supra, p 172.) Accordingly, a Judge who has ruled certain prejudicial evidence inadmissible prior to or at fact finding is not thereby disqualified from presiding at fact finding. (See Matter of Daniel Richard D., 27 NY2d 90.)
There being no statutory proscription of the voluntary disclosure form nor any demonstration of prejudice to the respondent, respondent’s motion is denied in its entirety. This decision shall serve to dispose of objections made to the filing of the voluntary disclosure form in all other juvenile delinquency cases in which I have heretofore reserved decision.
This matter is adjourned to January 11, 1984 in Part I.