OPINION OF THE COURT
W. Patrick Falvey, J.
*178 This review raises a question of apparent first impression; that is, whether or not the financial affidavit filed by a party in a Family Court support proceeding pursuant to Family Court Act § 424-a is deemed admitted into evidence. This court answers that it is.
The petitioner, Christina Wallace, objects to a decision and order of the Hearing Examiner entered October 26, 1999, which dismissed her modification petition. The petitioner alleged in her petition that the respondent’s income had significantly increased since the time the last order of support was entered in 1997, and that the needs of the children were not being adequately met. She also filed an accompanying affidavit, wherein she specified the parties’ 1997 earnings, and their current occupations and earnings.
The order sought to be modified is dated September 23, 1997, and directs the respondent to pay child support of $41 per week. No findings of fact relating to that order can be found in the court file. A statement of net worth was filed by the respondent at that time, indicating a gross weekly wage of $215.36. The petitioner’s earnings in 1997 were $117.57 per week.
At the hearing, the respondent testified he presently earns $12.75 per hour, for a 32-hour week ($408), which was substantiated by two pay statements admitted into evidence. The petitioner testified she presently earns $2.90 per hour, plus tips, working as a waitress, and that she works 14 to 20 hours per week. There was no testimony by either party concerning their 1997 income and employment, and the petitioner did not testify concerning her allegation that the needs of the children were not being adequately met.
The Hearing Examiner found “the only offer of proof made by the Petitioner was with regard to her present income and the current income of the Respondent. There is no offer of proof with any increase in the needs of the children, nor any definitive offer of proof with respect to the increase of income by the Respondent. There is no offer of proof that the Petitioner cannot meet the needs of the children.”
Family Court Act § 424-a makes the filing of financial disclosure with the court compulsory. The statute is designed to assure that the court has adequate financial information before it to make a support determination that will adequately address the needs of children, based upon their parents’ abilities. This court finds, as a matter of law, that the Hearing Examiner should have considered the financial affidavit of the petitioner as part of her proof presented in the proceeding *179 below, even though the same was not specifically offered into evidence, and even though testimony was not elicited from the petitioner concerning it. This is in contrast to voluntary disclosure that may be filed with the court, which is not deemed admitted into evidence. (Matter of Michael W., 122 Misc 2d 243 [Fam Ct, Queens County 1983].)
A review of the financial affidavit filed by the petitioner, although somewhat confusing in areas, shows monthly living expenses of the petitioner and her three children (one of whom is not the subject of this proceeding) of $1,776.67, and that her monthly income from employment and other sources equals $1,037.30. She also lists food stamps, but does not state the amount. It appears that, although skeletal, the petitioner has met her burden of making a prima facie showing of a change in circumstances in order to have a modification of an existing support order. (Matter of Dona G., NYLJ, Mar. 28, 1997, at 33, col 1 [Fam Ct, Bronx County].)
At the hearing below, the respondent attempted to cross-examine the petitioner concerning her financial affidavit, but was not allowed to do so by the Hearing Examiner, as he ruled it was not part of the petitioner’s direct examination. Since the financial affidavit is deemed admitted into evidence, this was error, and the matter must be remitted to the Hearing Examiner for a new hearing.
This court also finds, although not specifically raised in the petitioner’s objections, that there was proof before the Hearing Examiner concerning the increase in respondent’s earnings. (Matter of Boyer v Boyer, 261 AD2d 968 [4th Dept 1999].) The petitioner’s petition and accompanying affidavit were part of the court record, and subject to the Hearing Examiner’s review. The court file shows the petitioner’s allegations in her affidavit concerning the parties’ 1997 earnings were correct, and the parties testified as to their current earnings. The respondent’s income had doubled since the time of the 1997 order. A substantial increase in the noncustodial parent’s income may constitute a substantial change in circumstances. (Matter of Wilson v Brunsting, 213 AD2d 1042 [4th Dept 1995].) The court also notes that the respondent’s financial affidavit was not filed with the court. This, by itself, could have warranted the Hearing Examiner granting the petitioner’s application without hearing any additional proof. (Family Ct Act § 424-a [b].)
*180 The decision and order of the Hearing Examiner are vacated. Due to the limitation on the respondent’s right to cross-examine, the matter is remitted to the Hearing Examiner for a new hearing.