■ In the Matter of STEFFI ZEISER, Respondent-Appellant, v WILLIAM ZEISER, Appellant-Respondent. [732 NYS2d 871] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Fosky, J.), dated September 5, 2000, which denied his objections to an order of the same court (Dwyer, H.E.), dated June 6, 2000, granting the mother an award of arrears in child support in the principal sum of $9,255.05, and an attorney's fee in the sum of $3,000, and denying his request for downward modification of his child support obligation, and the mother cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, as the mother is not aggrieved by the order cross-appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order dated September 5, 2000, is affirmed; and it is further,

Ordered that the mother is awarded one bill of costs.

The findings of the Family Court awarding the mother a pro rata share of the cost of unreimbursed child care and medical costs are supported by the credible evidence (*see, Reiss v Reiss,* 23 AD2d 692; *Matter of Wallace v Whitsell,* 183 Misc 2d 177, 179; *Matter of Weiner v Weiner,* 97 Misc 2d 920, 923) and properly awarded under the terms of the parties' separation agreement (*see, Mrowka v Mrowka,* 260 AD2d 613). The award of an attorney's fee was a provident exercise of discretion (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Kearns v Kearns,* 270 AD2d 392; *Gagstetter v Gagstetter,* 283 AD2d 393).

The father failed to establish his entitlement to a downward modification of his support obligation (*see, Yourman v Yourman,* 216 AD2d 308; *Matter of Livingston v Livingston,* 80 AD2d 558; *Gershowitz v Gershowitz,* 35 AD2d 816, 817; *cf., Matter of Bolotnikov v Bolotnikov,* 262 AD2d 318; *Matter of Meyer v Meyer,* 205 AD2d 784; *Matter of Glinski v Glinski,* 199

AD2d 994). Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.