In the Matter of ANTHONY RINE, Respondent-Appellant, v TINA RINE, Appellant-Respondent. [769 NYS2d 394]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Brandveen, J.), dated October 15, 2002, as failed to determine her purported objections to so much of an order of the same court (Cahn, H.E.), entered July 17, 2002, as denied, without a hearing, those branches of her motion which were to enforce the terms of the parties' settlement agreement and judgment of divorce and for an award of an attorney's fee, and the father cross-appeals from the order dated October 15, 2002, which denied his objections to so much of the order entered July 17, 2002, as granted that branch of the mother's motion which was to dismiss his petition for a downward modification of his child support obligation.

Ordered that the mother's appeal is dismissed, without costs or disbursements, as she is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The record on appeal contains no objections by the mother. Any additional papers submitted to the Family Court did not cure this defect. The order of the Family Court dated October 15, 2002, therefore, understandably determined only the objections filed by the father. The mother is not aggrieved by the denial of the father's objections (see Matter of Holbrook v Holbrook, 302 AD2d 595 [2003]; Matter of Zeiser v Zeiser, 288 AD2d 317 [2001]).

Contrary to the father's contention on his cross appeal, the Family Court properly dismissed his petition for a downward modification of his child support obligation without first conducting an evidentiary hearing. In opposition to the mother's motion to dismiss the petition, the father failed to demonstrate the existence of a material issue of fact with respect to his alleged decline in income, and thus failed to establish his entitlement to a hearing (see Matter of Kotlyar v Burshtein, 268 AD2d 433, 434 [2000]; Matter of Scholet v Newell, 229 AD2d 621, 622 [1996]; cf. Matter of Prisco v Buxbaum, 275 AD2d 461 [2000]).

In view of the dismissal of the mother's appeal, we do not ad-

dress the merits of her contentions. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.