■ In the Matter of SHEENAGH O'R., Respondent-Appellant, v SEAN F., Appellant-Respondent. [858 NYS2d 103]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about July 24, 2007, which denied respondent's motion to vacate a May 7, 2007 arrest warrant and order of conditional incarceration, unanimously reversed, on the law and the facts, without costs, and the motion granted. Order, same court and Judge, entered on or about August 31, 2007, which, insofar as appealed from, (1) directed the Support Magistrate to re-calendar the matter to permit respondent to cross-examine petitioner's expert, (2) denied respondent's request to have his expert examine the parties' child and testify thereto, (3) directed the Support Magistrate to issue additional findings of fact regarding the child's needs, the cost of special services for the child, and household expenses, including the mortgage payment, and (4) ordered child support to remain in effect in the amount of $8,095 per month pending the Support Magistrate's new findings, unanimously modified, on the law and the facts, to permit respondent's expert to examine the child and testify thereto, to delete the requirement that the Support Magistrate make additional findings regarding household expenses (including the mortgage payment), and to reduce respondent's monthly support payment to $5,500 pending the Support Magistrate's new findings, and otherwise affirmed, without costs.

The July 2007 order found that respondent had willfully failed to obey a 1998 support order by not obtaining life insurance in the amount of $750,000. However, in September 2006, the Sup-

port Magistrate specifically found that respondent "non-wilfully failed to obey" the 1998 order by not obtaining insurance and ordered respondent to obtain insurance by November 1, 2006. Petitioner neither appealed from nor filed objections to that finding, but instead brought the instant violation petition, alleging that respondent had willfully failed to obey the September 2006 order. If respondent's failure to obtain life insurance prior to September 2006 was not willful, his post-September 2006 failure can not be deemed willful, where the record shows that respondent suffered a brain aneurysm in January 2005, and as a result, was unable to obtain life insurance, even though he had approached at least 20 insurance carriers as of April 2007. Even assuming respondent willfully violated the 1998 order because he could have obtained life insurance between 1998 and the time he suffered the brain aneurysm, incarcerating him now will not make him insurable. Considering that civil contempt penalties should be remedial, not punitive (*see Matter of Wynyard v Beiny*, 214 AD2d 344 [1995]), and since respondent is uninsurable (*see Hartog v Hartog*, 85 NY2d 36, 50 [1995]), the motion to vacate the May 7, 2007 order and arrest warrant should have been granted. Accordingly, with the order being vacated, there is no basis for requiring respondent to post $97,140 to purge his contempt.

Regarding the August 2007 order, respondent never argued that petitioner's upward modification petition should have been dismissed because the parties' 1998 stipulation of settlement was nonmodifiable pursuant to Family Court Act § 516. Were we to consider this unpreserved argument, we would find it unavailing because the proceeding settled by the parties' stipulation was not a paternity action brought under article 5 of the Family Court Act, but rather was an action brought under article 4.

Respondent contends that the upward modification petition should have been dismissed because the child's needs are being met by petitioner's income and respondent's child support payments. This argument is unavailing because pursuant to Family Court Act § 424-a (b), the petition could have been granted based solely on respondent's failure to file a financial disclosure affidavit (*see Matter of Wallace v Whitsell*, 183 Misc 2d 177, 179 [1999]). Respondent is also deemed to have admitted the expenses set forth in petitioner's financial disclosure affidavit because he failed to submit his own affidavit (*see e.g. Matter of Brim v Combs*, 25 AD3d 691, 693 [2006], *lv denied* 6 NY3d 713 [2006]). However, Family Court Act § 424-a (b) does not require the court to grant the relief demanded in the petition, but provides

the court with the choice of granting such relief, or precluding the respondent from offering evidence as to his financial ability to pay support. Here, rather than simply granting petitioner the requested amount, the Support Magistrate held a hearing and calculated the child's needs, and contrary to petitioner's contention, respondent's failure to provide financial information did not preclude Family Court from remanding to the Support Magistrate for additional calculations.

The court properly directed the Support Magistrate to recalendar the matter to permit respondent to cross-examine petitioner's expert (see *Musumeci v Musumeci*, 267 AD2d 365 [1999]; *Hill v Arnold*, 226 AD2d 232, 233 [1996]). However, respondent's expert should have also been permitted to examine the child and testify thereto (see *Musumeci*, 267 AD2d at 365).

Family Court ordered respondent to keep paying $8,095 a month pending the Support Magistrate's new findings. If the Support Magistrate ultimately finds that respondent's child support obligation is less than $8,095 per month, respondent will be unable to recover the overpayments by reducing future support payments (see e.g. *Matter of Maksimyadis v Maksimyadis*, 275 AD2d 459, 461 [2000]). Since we previously granted a stay pending appeal on condition that respondent, inter alia, pay $5,500 per month pending the Support Magistrate's new findings (2007 NY Slip Op 83249[U] [2007]), respondent shall continue paying that amount. We emphasize that this figure is not meant to prejudge what respondent's ultimate child support obligation will be.

Since Family Court found that the Support Magistrate's determination of household expenses other than the mortgage payment was reasonable, there was no need to remand for additional findings on such household expenses. As for the mortgage, the stipulation does not say that the only mortgage was an interest-free loan of $120,000 owed by petitioner to respondent; on the contrary, it acknowledged that there was a mortgage of $250,000 on the condominium unit. The allegation that petitioner improperly took out an additional $250,000 mortgage on the condominium in 2006 was made only in the affirmation of respondent's attorney, and since there is no indication that the attorney had firsthand knowledge of petitioner's actions, the affirmation has no evidentiary value (see *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

Respondent's claim that the Support Magistrate was biased against him, as evidenced by the Support Magistrate's ex parte communications with petitioner's counsel, is unpreserved (see e.g. *Douglas v Kingston Income Partners '87*, 2 AD3d 1079,

1082 [2003], *lv denied* 2 NY3d 701 [2004]). Were we to consider the claim, we would find that the Support Magistrate's child support order was not based on any improper communications (*see Kawasaki v Kasting*, 124 AD2d 1034 [1986]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.