An order of support dated November 30, 2007, was issued by the Family Court on the consent of the parties. The parties agreed that the father would pay child support based on his annual income of $61,467. The parties were later divorced by judg *623 ment of divorce dated January 12, 2011. In a stipulation of settlement dated December 22, 2010, which was incorporated but not merged into the judgment of divorce, the parties agreed that the father’s obligation to pay child support would be suspended for 15 months, after which his child support obligation would resume, as calculated pursuant to the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]).
The mother commenced this proceeding in May 2012, to enforce the child support provisions of the stipulation of settlement. The parties were directed to exchange and file financial information prior to the date set for a hearing. After the father failed to make any financial disclosure, the Support Magistrate, in effect, granted the mother’s petition, found that the father had an annual income of $61,467, based on the November 30, 2007, support order, and directed him to pay child support in the sum of $186.99 weekly. The Family Court denied the father’s objections to the Support Magistrate’s order.
Where a respondent in a support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, “the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent’s financial ability to pay support” (Family Ct Act § 424-a [b]; see Matter of Sheenagh O'R. v Sean F., 50 AD3d 480, 481-482 [2008]).
Here, since the father failed, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, the Family Court was required to either grant the relief demanded in the petition or preclude the father from offering evidence as to his financial ability to pay support (see Family Ct Act § 424-a [b]; see also Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 946 [2011]; Matter of Genender v Genender, 51 AD3d 669, 670 [2008]). Under the circumstances of this case, the Family Court providently exercised its discretion by, in effect, granting the relief requested in the mother’s petition and directing that the father pay child support based upon his annual income of $61,467 (see Family Ct Act § 424-a [b]; Matter of Kasprowicz v Osgood, 101 AD3d 1760, 1761 [2012]; cf. Matter of Kondratyeva v Yapi, 13 AD3d 376, 377 [2004]).
The father’s remaining contention is without merit. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.