■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ANNETTE CALLIENDO, Respondent, v CODY S. BLOCK, Appellant. [58 NYS3d 129]—

Appeal by the father from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated October 4, 2016. The order denied the father's objections to an order of that court (Aletha Fields, S.M.) dated July 26, 2016, which, after a hearing, granted the Suffolk County Department of Social Services'

petition for child support and directed him to pay weekly child support in the sum of $113.

Ordered that the order dated October 4, 2016, is affirmed, with costs.

The Family Court did not err in denying the father's objections to the Support Magistrate's order granting the petition for child support and directing him to pay weekly child support in the sum of $113 (*see* Family Ct Act § 424-a [b]). Where a respondent in a child support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, "the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent's financial ability to pay support" (Family Ct Act § 424-a [b]; *see Matter of Speranza v Speranza*, 113 AD3d 622, 623 [2014]; *Matter of Sheenagh O'R. v Sean F.*, 50 AD3d 480, 481-482 [2008]). While the father submitted a sworn financial affidavit, he failed to accompany the affidavit with any of the documentation required by Family Court Act § 424-a. Since the father failed, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, the Family Court did not err in precluding him from offering evidence as to his financial ability to pay (*see* Family Ct Act § 424-a [b]; *Matter of Speranza v Speranza*, 113 AD3d at 622), and providently exercised its discretion in determining the amount of support based on the needs of the child, which were established by the petitioner as the customary grant for one child on public assistance (*see* Family Ct Act § 424-a [b]; *Matter of Toumazatos v Toumazatos*, 125 AD3d 870, 871 [2015]; *Matter of Hicks v Hicks*, 87 AD3d 1143 [2011]).

The father's remaining contentions, which were not raised in his objections to the Support Magistrate's order, are not properly before this Court (*see Hicks v Hicks*, 87 AD3d at 1143-1144). Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.