Matter of Villafana v Walker (2018 NY Slip Op 00298)





Matter of Villafana v Walker


2018 NY Slip Op 00298


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-11346
 (Docket No. F-3623-16)

[*1]In the Matter of Kristina Villafana, respondent,
v
Vincent A. Walker, appellant.


William A. Sheeckutz, East Meadow, NY, for appellant.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated September 21, 2016. The order denied the father's objections to an order of that court (Aletha V. Fields, S.M.) dated June 24, 2016, which, after a hearing, granted the mother's petition for child support and directed him to pay, inter alia, weekly child support in the sum of $277.
ORDERED that the order dated September 21, 2016, is affirmed, without costs or disbursements.
The mother and the father, who were never married, are the parents of two children. On February 25, 2016, the mother commenced this proceeding by filing a petition for child support in the Family Court. At the parties' first court appearance on March 24, 2016, the father brought his income tax returns for the preceding two years. The court directed the father to provide a financial disclosure affidavit, explaining to him that absent full financial disclosure, child support would be determined based on the needs of the children. The case was adjourned repeatedly at the father's request until May 26, 2016, when the Support Magistrate issued a preclusion order due to the father's failure to provide full financial disclosure in compliance with Family Court Act § 424-a.
After a hearing, the Support Magistrate determined the needs of the children and directed the father to pay $277 per week in child support, retroactive to the date of the petition. Thereafter, in an order dated September 21, 2016, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
Family Court Act § 424-a(a) provides, in relevant part, that "[a] sworn statement of net worth shall be filed with the clerk of the court on a date to be fixed by the court no later than ten days after the return date of the petition." Where a respondent in a child support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, "the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent's financial ability to pay support" (Family Ct Act § 424-a[b]; see Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d 529, 530; Matter of Speranza v Speranza, 113 AD3d 622, 623; Matter of Feng Lucy Luo v Yang, 89 AD3d 946; Matter of Sheenagh O'R. v Sean F., 50 AD3d 480, 481-482).
Here, the Support Magistrate properly determined that the father had failed to comply with the statutory requirement to provide financial disclosure, and imposed an order of preclusion (see Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d at 530; Matter of Speranza v Speranza, 113 AD3d at 623; Matter of Feng Lucy Luo v Yang, 89 AD3d at 946).
Furthermore, where, as here, there is insufficient evidence to determine parental income, the Family Court is authorized and directed to award child support based upon the needs of the child (see Family Ct Act § 413[1][k]; Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d at 530; Matter of Feng Lucy Luo v Yang, 89 AD3d at 946-947; Matter of Tsarova v Tsarov, 59 AD3d 632, 633; Matter of Genender v Genender, 51 AD3d 669, 670).
Accordingly, the Family Court properly denied the father's objections.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court