Matter of Henry v Bell (2020 NY Slip Op 03829)





Matter of Henry v Bell


2020 NY Slip Op 03829


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

527566

[*1]In the Matter of LaShieka M. Henry, Respondent,
v
Terrell K. Bell, Appellant.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Law Office of Raysheea T. Turner, Schenectady (Raysheea T. Turner of counsel), for respondent.



Lynch, J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered September 7, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2008). In April 2010, the parties consented to an order of support, wherein the father was obliged to provide $25 a week in child support payments. By a December 2011 order, the parties consented to the father additionally paying $50 per month towards child care expenses, with all other terms of the April 2010 order continued. In July 2017, the mother commenced this proceeding seeking an upward modification in child support on the basis that three years had passed since the last order and there was a 15% change in the father's income.[FN1] After a fact-finding hearing, the Support Magistrate found, among other things, that since the order was last modified in December 2011, modification was proper under Family Ct Act § 451 (3) (b). The Support Magistrate then credited the mother's testimony, noted the father's ability to work full time as a commercial truck driver, and imputed income of $45,000 a year to the father. Thereafter, the Support Magistrate increased the father's total child support obligation to $677.09 per month.
The father then filed objections to the Support Magistrate's determination, contending that the underlying April 2010 support order could not be modified under Family Ct Act § 451 (3) (b) because it predated the October 2010 legislative amendments and also that it was an error to impute income to him of $45,000. Over the father's objections, Family Court found that, since the support order was modified in December 2011, modification under Family Ct Act § 451 (3) (b) was permitted and that the income was properly imputed. The father appeals.
We affirm. Initially, Family Court did not err in modifying the child support based on the passage of time. As relevant here, pursuant to a 2010 amendment to Domestic Relations Law § 236, a "court may modify an order of child support where . . . three years have passed since the order was entered, last modified or adjusted" (Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [A]; see L 2010, ch 182, § 7; Gordon-Medley v Medley, 160 AD3d 1146, 1146-1147 [2018]; see also Family Ct Act § 451 [3] [b]). "The Legislature provided an exception to the application of that amendment whereby, if the child support order incorporated without merging a valid agreement or stipulation of the parties, the relevant amendments regarding the modification of a child support order shall only apply if the incorporated agreement or stipulation was executed on or after [October 13, 2010]" (Gordon-Medley v Medley, 160 AD3d at 1147 [internal quotation marks, brackets, ellipses and citation omitted]). Here, the December 2011 order modified the prior April 2010 order, adding $50 per month towards child care expenses and continuing "[a]ll other aspects of the [o]rder of [s]upport." The statutory exception does not apply here and, by modifying the April 2010 order, the December 2011 order created a new order. Accordingly, the mother's petition for an upward modification of the father's child support obligation was properly analyzed in the context of the 2010 amendment (see Gordon-Medley v Medley, 160 AD3d at 1146-1147).
Next, contrary to the father's contention, Family Court properly imputed to him an income of $45,000. "A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (Mack v Mack, 169 AD3d 1214, 1217 [2019] [internal quotation marks, brackets and citations omitted]). "Because imputed income more accurately reflects a party's earning capacity and, presumably, his or her ability to pay, it may be attributed to a party as long as the court articulates the basis for imputation and the record evidence supports the calculations" (Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [2015] [internal quotation marks, brackets, ellipsis and citations omitted]). "[I]n determining a party's child support or spousal maintenance obligation, a court need not rely upon a party's own account of his or her finances, but may exercise its discretion by imputing income based upon such factors as the party's education, qualifications, employment history, past income, and demonstrated earning potential" (Carney v Carney, 160 AD3d 218, 227 [2018] [internal quotation marks and citation omitted]). Here, the Support Magistrate imputed income of $45,000 based on a brokerage agreement signed by the father that denotes $50,000 in annual income, documentation that the father was the owner and/or held an ownership interest in the Apollo Trucking business, and the testimony of the mother who was previously employed as the secretary for Apollo Trucking and thereby had personal knowledge as to the company payroll. In light of these circumstances, we are satisfied that the record supports the imputation of $45,000 to the father (see Matter of Susko v Susko, 181 AD3d 1016, 1021 [2020]; Mack v Mack, 169 AD3d at 1217). Finally, we find unpreserved the father's contention that the Support Magistrate failed to deduct from his income a prior 2009 child support obligation for his other child, as the father did not include this as a specific objection to Family Court from the Support Magistrate's findings (see Matter of Bray v Bray, 118 AD3d 1074, 1074-1075 [2014], lv denied 24 NY3d 903 [2014]).[FN2]
Egan Jr., J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother also filed a petition for violation of the support order, which was heard together with the modification petition, but is not the subject of this appeal.

Footnote 2: Were this argument preserved, we would find it to be without merit, as the father failed to produce any evidence of a preexisting 2009 order obligating him to pay child support or that he was actually paying such child support (see Baumgardner v Baumgardner, 98 AD3d 929, 931 [2012]).