Matter of McGoldrick v Gebaide (2020 NY Slip Op 06528)





Matter of McGoldrick v Gebaide


2020 NY Slip Op 06528


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2019-07752
 (Docket No. F-7920-14/18D)

[*1]In the Matter of Susan I. McGoldrick, respondent,
v
Neil H. Gebaide, appellant.


Neil Gebaide, named herein as Neil H. Gebaide, Forest Hills, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated May 27, 2019. The order, insofar as appealed from, granted the mother's objections to so much of an order of the same court (Kathryn L. Coward, S.M.), dated March 20, 2019, as, in effect, denied the mother's petition to modify a prior order of support by increasing the father's support obligation, denied the father's objections to stated portions of the order dated March 20, 2019, granted the mother's petition to modify the prior order of support, and directed the father to pay $235.39 per week in child support and 68.5% of the subject child's unreimbursed health care expenses.
ORDERED that the order dated May 27, 2019 is affirmed insofar as appealed from, with costs.
The mother commenced this child support proceeding seeking, inter alia, an increase in the father's support obligation based upon increased expenses for the subject child. After a hearing, in an order dated March 20, 2019, the Support Magistrate, among other things, directed the father to pay $68 per week in child support, which did not represent an increase in his support obligation. The mother and the father each filed objections to the Support Magistrate's order. In an order dated May 27, 2019, the Family Court, inter alia, granted the mother's objection to the amount of child support awarded by the Support Magistrate, finding that it should have been calculated using a needs-based analysis and was inadequate. The court directed the father to pay $235.39 per week in child support and 68.5% of the subject child's unreimbursed health care expenses. The father appeals.
Family Court Act § 424-a(a) provides, in relevant part, that "[a] sworn statement of net worth shall be filed with the clerk of the court on a date to be fixed by the court, no later than ten days after the return date of the petition." Where a respondent in a child support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, "the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent's financial ability to pay support" (Family Ct Act § 424-a[b]; see Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d 529, 530; Matter of Speranza v Speranza, 113 AD3d 622, 623).
Here, we agree with the Support Magistrate's determination that the father had failed to comply with the statutory requirement to provide financial disclosure, and to impose an order of preclusion (see Villafana v Walker, 157 AD3d 802; Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d at 530; Matter of Speranza v Speranza, 113 AD3d at 623; Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 946). Furthermore, where, as here, there is insufficient evidence in the record to determine parental income, the Family Court is authorized and directed to award child support based upon the needs of the child (see Family Ct Act § 413[1][k]; Villafana v Walker, 157 AD3d 802; Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d at 530; Matter of Feng Lucy Luo v Yang, 89 AD3d at 946-947). In this case, we agree with the court's determination that the needs of the subject child warranted a child support award of $235.39 per week.
The father's remaining contentions are without merit.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court