Matter of Rodriguez v Starks (2021 NY Slip Op 03325)





Matter of Rodriguez v Starks


2021 NY Slip Op 03325


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-02890
 (Docket Nos. F-661-17/17C, F-661-17/17D, F-661-17/17E, F-661-17/17F, F-661-17/17G, F-661-17/17H, F-661-17/17I, F-661-17/17J, F-661-17/18K, F-661-17/18L, F-661-17/18M)

[*1]In the Matter of Tuere Tene Rodriguez, appellant,
v
Randolph Starks, Jr., respondent. (Proceeding Nos. 1, 3-11)
In the Matter of Randolph Starks, Jr., respondent, v Tuere Tene Rodriguez, appellant. (Proceeding No. 2)


John M. Rodriguez, New York, NY, for appellant.
Blodnick Fazio & Clark, Garden City, NY (Jessica A. Sola of counsel), for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated February 26, 2019. The order denied the mother's objections, inter alia, to (1) so much of an order of the same court (John E. Raimondi, S.M.) dated November 19, 2018, as, after a hearing, determined that the father did not willfully violate his child support obligation, (2) an order of the same court (John E. Raimondi, S.M.) also dated November 19, 2018, which, after a hearing, granted the father's petition for a downward modification of his child support obligation and reduced his child support obligation from the sum of $8,036 per month to the sum of $4,057 per month, (3) an order of the same court (John E. Raimondi, S.M.) also dated November 19, 2018, which, after a hearing, dismissed the mother's petition for an upward modification of the father's child support obligation with prejudice, and (4) an order of the same court (John E. Raimondi, S.M.) also dated November 19, 2018, which, after a hearing, dismissed the mother's petition, inter alia, for relief pursuant to Family Court Act § 424-a.
ORDERED that the order dated February 26, 2019, is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the third order dated November 19, 2018, as provided that the dismissal of her petition for an upward modification of the father's child support obligation was with prejudice, and substituting therefor a provision granting that objection, vacating that portion of the third order dated November 19, 2018, and providing that the dismissal of the mother's petition for an upward modification of the father's child support obligation is without prejudice; as so modified, the order dated February 26, 2019, is affirmed, without costs or disbursements.
The mother and the father have one child together. In an amended order of support [*2]on consent dated April 28, 2008 (hereinafter the 2008 consent order), the father was directed to pay child support to the mother in the sum of $7,000 per month. At the time the 2008 consent order was entered, the father was playing professional football in the National Football League (hereinafter the NFL). The 2008 consent order provided that the father's annual income was "$850,000 gross yearly. [The father] has signed a five year contract for $21,000,000.00. . . . [The] [p]arties understand that in the event the [father] is unable to play ball and generate this income, such circumstances shall be deemed a change of circumstance entitling the [father] to a recalculation of his child support obligation pursuant to the Child Support Standards Act."
On October 12, 2016, the mother filed a violation petition, alleging that, as of that date, the father owed $3,010 in child support. On December 5, 2016, the father filed a petition for a downward modification of his child support obligation pursuant to the terms of the 2008 consent order. On May 20, 2017, the Nassau County Support Collection Unit issued a cost of living adjustment order increasing the father's child support obligation by $1,036 per month to the sum of $8,036 per month, effective July 28, 2017. On August 28, 2017, the mother filed a petition for an upward modification of the father's child support obligation. On August 29, 2018, the mother filed a petition, inter alia, requesting, pursuant to Family Court Act § 424-a, the relief sought in her previously filed petition for an upward modification of the father's child support obligation.
After a hearing, the Support Magistrate determined, inter alia, that the father established his entitlement to a downward modification of his child support obligation based on evidence that, after a 12-year career in the NFL, he was cut by the Cleveland Browns and last played football in January 2016. Despite his efforts, the father was unable to find employment with another football team and earn the same income. The only football-related work he was able to obtain was an internship with the New York Jets in the summer of 2018, which did not result in a job. In an order dated November 19, 2018, the Support Magistrate granted the father's petition for a downward modification of his child support obligation and, based on the evidence at the hearing, reduced his monthly child support obligation to the sum of $4,057. In another order dated November 19, 2018, the Support Magistrate, among other things, determined that the father did not willfully violate his child support obligation. In additional orders dated November 19, 2018, the Support Magistrate, inter alia, dismissed the mother's petition for an upward modification of the father's child support with prejudice and dismissed the mother's petition, among other things, for relief pursuant to Family Court Act § 424-a. The mother filed objections to the Support Magistrate's orders. In an order dated February 26, 2019, the Family Court denied the mother's objections. The mother appeals.
Contrary to the mother's contention, the Family Court properly denied her objection to so much of the Support Magistrate's order as determined that the father's violation of his child support obligation was not willful. At a hearing under Family Court Act § 454, a respondent is prima facie presumed "to have sufficient means to support his or her . . . children under the age of 21" (Matter of Powers v Powers, 86 NY2d 63, 68-69). Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d at 68-69; Matter of DeNittis v Chalfant, 183 AD3d 648, 648; Matter of Fletcher v Saul, 162 AD3d 1018, 1019; Matter of Schad v Schad, 158 AD3d 705, 706). "Thus, evidence that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of DeNittis v Chalfant, 183 AD3d at 649; see Matter of Fletcher v Saul, 162 AD3d at 1019; Matter of Schad v Schad, 158 AD3d at 706). Here, the mother failed to demonstrate at the hearing that the father failed to pay child support as ordered. The evidence at the hearing demonstrated that the father regularly made his child support payments before the end of the month and that, at the time of the hearing, had overpaid on his obligations.
The Family Court did not err in denying the mother's objection to the Support Magistrate's order dismissing her petition, inter alia, requesting relief based on the father's alleged failure to provide the compulsory financial disclosure required of parties to a child support proceeding (see Family Ct Act § 424-a[a]). "Where a respondent in a child support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, 'the court on its own motion or on application shall grant the relief demanded in the [*3]petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent's financial ability to pay support'" (Matter of Suffolk County Dept. of Social Servs. v Block, 152 AD3d 529, 530, quoting Family Ct Act § 424-a[b]; see Matter of McGoldrick v Gebaide, 188 AD3d 885; Matter of Villafana v Walker, 157 AD3d 802, 803; Matter of Speranza v Speranza, 113 AD3d 622, 623).
Here, the father complied with the compulsory financial disclosure requirements by producing three financial disclosure affidavits and four years of tax returns along with other documentation of his financial status. Therefore, "the Support Magistrate did not have authority" under Family Court Act § 424-a(b) to grant the relief demanded in the mother's petition for an upward modification (Matter of Michael R. v Amanda R., 175 AD3d 1134, 1136). Moreover, although there were inconsistences noted between the father's financial disclosure affidavits and the evidence at the hearing, there was "extensive cross-examination pertaining to these inconsistencies" at the hearing (Matter of Spoor v Spoor, 276 AD2d 887, 888).
The Family Court properly denied the mother's objection to the Support Magistrate's order granting the father's petition for a downward modification of his child support obligation based upon the terms of the 2008 consent order. "To establish entitlement to a downward modification of a child support order entered on consent, a party has the burden of showing that there has been a substantial change in circumstances" (Matter of Ceballos v Castillo, 85 AD3d 1161, 1162). The father established a substantial change in circumstances based upon his testimony that, after a 12-year career in the NFL, he was no longer able to play football and generate the same income.
However, the Family Court should have granted the mother's objection to so much of the Support Magistrate's order as provided that the dismissal of her petition for an upward modification of the father's child support obligation was with prejudice to the filing of any subsequent petition for modification of child support. "The Family Court has continuing jurisdiction to modify a prior order of child support pursuant to Family Court Act § 451" (Matter of Kolodny v Perlman, 143 AD3d 818, 821; see Matter of Rolko v Intini, 128 AD3d 705, 707).
The mother's remaining contentions are without merit.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court