Matter of Grant v Seraphin (2023 NY Slip Op 06044)

Matter of Grant v Seraphin

2023 NY Slip Op 06044

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-05629
 (Docket No. F-3371-22)

[*1]In the Matter of Tracy-Ann Grant, appellant,
v
Clayton Seraphin, respondent.

Arnold S. Kronick LLP, White Plains, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated January 5, 2023. The order denied the mother's objections to an order of the same court (Esther R. Furman, S.M.) dated September 20, 2022, which, after a hearing, and upon findings of fact dated September 16, 2022, inter alia, directed the father to pay child support in the sum of only $283 biweekly.
ORDERED that the order dated January 5, 2023, is reversed, on the law, without costs or disbursements, the mother's objections are granted, the order dated September 20, 2022, is vacated, the temporary order of support is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The parties have one child together. In April 2022, the mother filed a petition seeking child support. At a hearing on the petition, the mother made an application to determine the father's child support obligation based on the needs of the child, as the father had failed to comply with required financial disclosure. The Support Magistrate denied the mother's application and allowed the father to present evidence regarding his ability to pay support. In an order dated September 20, 2022, the Support Magistrate, inter alia, directed the father to pay child support in the sum of $283 biweekly. Subsequently, in an order dated January 5, 2023, the Family Court denied the mother's objections to the Support Magistrate's order. The mother appeals.
Family Court Act § 424-a "mandates the compulsory disclosure by both parties to a support proceeding of 'their respective financial states,' through the provision of tax returns, pay stubs, and sworn statements of net worth" (Matter of Cali v Cali, 166 AD3d 610, 611, quoting Family Ct Act § 424-a[a]). "Where a respondent in a child support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, 'the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to [the] respondent's financial ability to pay support'" (Matter of McGoldrick v Gebaide, 188 AD3d 885, 885-886, quoting Family Ct Act § 424-a[b]; see Matter of Rodriguez v Starks, 194 AD3d 1063, 1066).
Here, the father failed to provide a sworn statement of net worth, a tax return, or a pay stub, and he did not offer an explanation for his failure to do so. Since the father failed, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act [*2]§ 424-a, the Family Court was required to either grant the relief demanded in the petition or preclude the father from offering evidence as to his financial ability to pay support (see id. § 424-a[b]; Matter of Speranza v Speranza, 113 AD3d 622, 623). Under the circumstances of this case, the court should have precluded the father from offering evidence regarding his financial ability to pay support, and should have determined the amount of child support based on the needs of the child, as requested by the mother (see Family Ct Act §§ 413[1][k]; 424-a[b]; cf. Matter of McGoldrick v Gebaide, 188 AD3d at 886).
Accordingly, we remit the matter to the Family Court, Westchester County, for a new hearing on the mother's petition and a new determination thereafter.
The mother's remaining contention need not be reached in light of our determination.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court