Matter of Youlanda V. v John W. (2025 NY Slip Op 07250)

Matter of Youlanda V. v John W.

2025 NY Slip Op 07250

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-23-0510
[*1]In the Matter of Youlanda V., Appellant,
vJohn W., Respondent. (And Other Related Proceedings.)

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Salazar and Erikson, LLP, East Greenbush (Emmalynn S. Blake of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.

Garry, P.J.
Appeal from an order of the Family Court of Rensselaer County (Anthony McGinty, J.), entered February 6, 2023, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2015). In 2020 into 2021, the parents collectively filed over two dozen petitions with Family Court, setting forth allegations ranging from irregular child support payments and interference with parenting time to harassment and abuse of the child. A joint hearing on the many petitions commenced in June 2021. This appeal concerns only one petition — a petition by the mother filed after the start of the hearing, in July 2021, for an upward modification of the father's child support obligation. The mother did not specify the date of the prior order that she wished to modify in her petition, nor did she supply the order during the hearing — failings that were common to essentially all of the petitions. It appears that the operative order of support was entered on consent in January 2020, and that order provides that the parties stipulated to child support payable by the father, as the noncustodial parent, in the amount of $100 per week. The parties further appear to agree that this was a voluntary upward departure by the father and that his pro rata share of basic child support was otherwise $25 per week given his lack of documented income at the time. In an affidavit in support of the subject petition, the mother alleged that the father "has prior cash income and a new job that are not reflected in the current child support order." The father raised the denial of visitation as a defense, and the matter was joined with the many others for hearing. Following the joint hearing, Family Court dismissed the mother's petition, with prejudice, for failure to state a cause of action. The mother appeals.
As relevant here, Family Court may modify an order of child support "upon a showing of a substantial change in circumstances" (Family Ct Act § 451 [3] [a]) or where "there has been a change in either party's gross income by [15%] or more since the order was entered" (Family Ct Act § 451 [3] [b] [ii]). The inquiry thus necessarily requires a court to compare the parties' financial circumstances at the time of the previous order with their financial circumstances at the time of the application for modification so as to determine an ability to provide support (see Matter of Saber v Saccone, 192 AD3d 1400, 1401 [3d Dept 2021], lvs denied 37 NY3d 909 [2021], 37 NY3d 909 [2021]; Matter of Jeffers v Jeffers, 133 AD3d 1139, 1140 [3d Dept 2015]).
On the first day of the joint hearing, the father testified in the mother's direct case that he had started a new construction job four weeks prior and was earning $1,600 or $1,700 per week, with approximately $450 in "out of town" expenses [*2]deducted from that gross amount. Prior to that, he performed certain work "under the table" for $10 to $12 per hour, or $80 to $100 per day, which was "hit or miss," including because of the COVID-19 pandemic. The father explained that, because he had no documented earnings at the time of the prior support order, his support obligation was calculated to be lower than what he believed to be acceptable, and he accordingly volunteered to pay $100 per week to better meet the child's needs, which he thought might have been based on an estimate of about $500 gross income per week. The mother filed the subject petition after this hearing date. It is unclear from the record how long the father retained his roofing job, and he was incarcerated at some point following the first hearing day for violating an order of protection by trying to contact the child. The joint hearing was continued one year later, after the father's release. He testified that, at that time, he was again making $12 per hour, working 30 to 40 hours per week, and thus earning $360 to $480 per week.[FN1] At the close of his testimony, Family Court denied the mother's request to leave the record open to subpoena records from the father's employer, finding the time for discovery to have long since passed, and the mother rested.
In addition to the limited nature of the mother's evidence concerning the father's ability to provide support (see generally Family Ct Act § 413 [1] [b] [5] [iv]; Matter of Henry v Bell, 185 AD3d 1168, 1169-1170 [3d Dept 2020]), there was virtually no proof offered concerning the basis for the prior support order that the mother sought to modify, including the order itself.[FN2] We therefore must agree with Family Court that the mother failed to make a prima facie showing that an upward modification of child support was warranted, and her petition was thus properly dismissed (see Matter of Spaights v Muller, 147 AD3d 768, 769 [2d Dept 2017]). However, dismissal of the mother's petition with prejudice was in error. Family Court retains continuing jurisdiction to modify a prior order of child support upon a proper showing of statutorily enumerated circumstances (see Family Ct Act § 451; Matter of Crystal NN. v Joshua OO., 239 AD3d 1064, 1067 [3d Dept 2025]; Matter of Rodriguez v Starks, 194 AD3d 1063, 1066-1067 [2d Dept 2021], lv denied 37 NY3d 911 [2021]). We therefore modify the order before us to that extent.
Aarons, Pritzker, Powers and Corcoran, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition with prejudice; petition dismissed without prejudice; and, as so modified, affirmed.

Footnotes

Footnote 1: We note that, under the circumstances, even the high end of these gross wages would likely result in a child support calculation of less than $100.

Footnote 2: This Court's own research revealed that the operative order contains no factual information that would have remedied these failures in the proof, even if the mother had requested Family Court to take judicial notice thereof.