Matter of Greicy Z.M. v Felix O.F.

2026 NY Slip Op 02270

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Greicy Z. M. (Anonymous), respondent,

v

Felix O. F. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2025-00629, (Docket No. U-12086-21)

Hector D. Lasalle, P.J.

Linda Christopher

Carl J. Landicino

James P. Mccormack, JJ.

Felix O. F., Bronx, NY, appellant pro se.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Adetokunbo O. Fasanya, J.), dated November 27, 2024. The order denied the father's objections to an amended order of the same court (Rose M. Garcia, S.M.) dated October 8, 2024, which, after a hearing, and upon findings of fact dated October 2, 2024, inter alia, directed him to pay child support in the sum of $418 per month and retroactive child support in the sum of $13,831.81.

ORDERED that the order is affirmed, without costs or disbursements.

The parties are the parents of one child. In 2021, the mother commenced this proceeding against the father pursuant to Family Court Act article 4 for child support. After a hearing, the Support Magistrate, in an amended order dated October 8, 2024, upon findings of fact dated October 2, 2024, inter alia, directed the father to pay child support in the sum of $418 per month and retroactive child support in the sum of $13,831.81. In an order dated November 27, 2024, the Family Court denied the father's objections to the amended order. The father appeals.

Family Court Act § 424-a(a) provides, in relevant part, that "[a] sworn statement of net worth shall be filed with the clerk of the court on a date to be fixed by the court, no later than ten days after the return date of the petition." "Where a respondent in a child support proceeding fails, without good cause, to comply with the compulsory financial disclosure mandated by Family Court Act § 424-a, 'the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent's financial ability to pay support'" (Matter of McGoldrick v Gebaide, 188 AD3d 885, 885-886, quoting Family Ct Act § 424-a[b]; see Matter of Grant v Seraphin, 221 AD3d 897, 898). Here, since the father failed, without good cause, to comply with the statutory requirement to provide financial disclosure, the Support Magistrate was not required to consider the father's evidence of a disability that purportedly reduced his financial ability to pay support (see Family Ct Act § 424-a[b]). In any event, the Support Magistrate properly declined to admit into evidence medical records that were not certified or authenticated (see CPLR 4518[c]; Matter of Johnson v Johnson, 146 AD3d 954, 955; Matter of Pepe v Pepe, 128 AD3d 831, 834).

"In determining child support obligations, a court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or [*2]demonstrated future potential earnings" (Matter of Askinazi v Askinazi, 240 AD3d 775, 777 [alterations and internal quotation marks omitted]; see Matter of Morales v Foley, 242 AD3d 888, 889). Here, the Support Magistrate providently exercised her discretion in imputing income to the father based on his 2021 tax return, as he failed to present evidence of his financial status after January 2022.

The father's contention that he was not allowed to testify before the Support Magistrate is unpreserved for appellate review, as he failed to raise this contention in his objections before the Family Court (see Matter of Licitra v Licitra, 219 AD3d 837, 838).

The father's remaining contention is without merit.

LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court